393 A.2d 718

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Appellant,**

v.

**Donald CARDO, Jr.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided Oct. 20, 1978.

Vedder J. White, Erie, for appellant.

James E. Marsh, Jr., Erie, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The instant appeal arises out of an action in assumpsit instituted by the appellant International Brotherhood of Electrical Workers to obtain payment of a one thousand dollar ($1,000.00) fine imposed upon the appellee, Donald Cardo, Jr., a union member. Trial was held on December 29, 1976 before a panel of arbitrators. The arbitrators returned an Award in favor of appellee on January 11, 1977, which was entered on the docket of the Court on January 13, 1977. A timely appeal was filed to the Court of Common Pleas on January 14, 1977. On January 24, 1977, appellee filed a demand for jury trial. On February 9, 1977, appellee filed a motion to quash the appeal from the award of the arbitrators, based upon the appellant's failure to file a recognizance bond.[1] On February 11, 1977, a motion to file a recognizance bond nunc pro tunc was filed by the appellant union. On March 25, 1977, the Honorable Lindley R. McClelland of the Erie County Court of Common Pleas, issued an Order granting the appellee's motion to quash the appeal. Further, on March 29, 1977, Judge McClelland denied appellant's request to file a recognizance bond nunc pro tunc. This appeal followed.

1. Such a bond is required by the Act of June 16, 1836, P.L. 715, § 27, 5 P.S. § 71 and by Rule 400 J of the Erie County Rules of Civil Procedure. Both require a recognizance to be filed within 20 days of the date of the arbitrator's Award.

■ In reviewing this appeal, it is first significant to note that the appellant has not appealed from the Order dated March 25, 1977 quashing the appeal, but rather, has appealed only the Court's Order dated March 29, 1977, which denied appellant's request to file a recognizance bond nunc pro tunc. Thus, while appellant and appellee both argue the propriety of the lower court's action in quashing the appeal on March 25, 1977, that action was not appealed, and is therefore not before us.

■ The only reason alleged by appellant in support of its nunc pro tunc request was that the recognizance bond was not filed " . . . through inadvertence of counsel." Such grounds do not provide adequate support for a request such as appellant's. This Court has stated:

"Where an act of assembly fixes the time within which an act must be done, as for example, an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as an act of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc. The court 'can no more enlarge the time than he can legislate in any other matter.' There must be fraud or its equivalent to permit an appeal nunc pro tunc." [Citations omitted]

*Higgins v. The Educators,* 147 Pa.Super. 400, 402–3, 24 A.2d 19 (1942). In many cases, we have discussed the criteria upon which a court may rely in granting a party some right nunc pro tunc. For example, we have held that the time of appeal cannot be enlarged in the absence of fraud, deception, coercion or duress. *Yaeger v. United Natural Gas Co.,* 197 Pa.Super. 25, 176 A.2d 455 (1962). Enlargement of time may also be permitted where there has been some breakdown in the court's operation. *MacKanick v. Rubin,* 244 Pa.Super. 467, 368 A.2d 815 (1976). Mere inadvertence by counsel does not fall within such exceptional grounds. See *MacKanick v. Rubin, supra; Kaumagraph Co. v. Thissen Silk Co.,* 42 Pa.Super. 110 (1910). We therefore find no basis for

disturbing the lower court's Order denying appellant a right to file a recognizance bond nunc pro tunc.

Affirmed.

CERCONE, J., concurs in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.