460 A.2d 253

**COMMONWEALTH of Pennsylvania**

v.

**Michael KEYS, Appellant.**

**COMMONWEALTH of Pennsylvania**

v.

**Kerry McNEIL, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 29, 1982.

Filed April 8, 1983.

Reargument Denied June 15, 1983.

Petition for Allowance of Appeal Denied July 25 & Nov. 8, 1983.

Spaeth, J., filed concurring statement.

William T. Cannon, Philadelphia, for appellants.

Eric Beller, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and CIRILLO, JJ.

WICKERSHAM, Judge:

On January 9, 1980, appellants Kerry McNeil and Michael Keys were arrested and charged with murder and other related offenses arising from the shooting of Charles Vin-

cent Wright, Jr., in Philadelphia on December 18, 1979. McNeil and Keys were also charged with drug offenses as a result of the presence of illegal drugs at the residence where they were arrested on the other charges. Specifically, McNeil was charged with bills of information, January Term, 1980, as follows: no. 1419-possession of controlled substance with intent to deliver, no. 1420-possessing an instrument of crime, no. 1421-criminal conspiracy, no. 1422-involuntary manslaughter, no. 1423-murder and voluntary manslaughter, no. 1424-criminal conspiracy.

Keys was charged with bills of information, January Term, 1980, as follows: no. 1425-possession of controlled substance with intent to deliver, no. 1426-criminal conspiracy, no. 1427-possessing an instrument of crime, no. 1428-criminal conspiracy, no. 1429-involuntary manslaughter, and no. 1430-murder and voluntary manslaughter.

The drug charges against both Keys and McNeil were severed from the murder and related charges on the motions of the Commonwealth.

This case proceeded to trial on May 12, 1980 on the bills of information for murder and voluntary manslaughter (nos. 1423 and 1430), possessing an instrument of crime (nos. 1420 and 1427) and criminal conspiracy (nos. 1421 and 1428). On May 16, 1980, McNeil was found guilty of murder in the first degree (no. 1423) and conspiracy (no. 1421): Keys was found guilty of murder in the first degree (no. 1430), possessing an instrument of crime (no. 1427) and conspiracy (no. 1428). Both defendants filed post-verdict motions which were denied.

On December 18, 1980, McNeil was sentenced to consecutive terms of life imprisonment for the first degree murder and not less than five nor more than ten years imprisonment for the conspiracy: Keys was sentenced to life imprisonment for the murder and to two terms of not less than two and one-half years nor more than five years imprisonment for possessing an instrument of crime and for conspiracy, such sentences to be served concurrently with each other but consecutively to the murder sentence. After the

verdict, Keys and McNeil had been advised of their right to appeal and of their right to free counsel to prepare the appeal (Record at 1321–27).

Appellant Keys filed a notice of appeal on December 22, 1980, listing his appeal as being from bill of information no. 1425, January Term 1980, a crime he was not convicted of at this trial. Similarly, on December 24, 1980, appellant McNeil filed a notice of appeal listing his appeal as being from bill of information no. 1419, January Term, 1980, a crime he was not convicted of at this trial.

On May 5, 1981, McNeil's counsel filed a petition to amend the caption of the notice of this appeal to reflect that it was an appeal from the bills McNeil was convicted of here. Keys's counsel filed a similar petition on May 29, 1980. On June 18, 1980, by per curiam order, the Superior Court granted McNeil's petition to amend; Keys's petition was similarly granted on July 24, 1981 "without prejudice to the Commonwealth's right to argue the jurisdictional propriety of amendment in its brief."

A notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R. A.P. 903(a). "[T]he court may not enlarge the time for filing a notice of appeal ...." Pa.R.A.P. 105(b). We also note Judge Spaeth's statement in *Commonwealth v. Dozier*, 294 Pa.Super. 249, 252 n. 1, 439 A.2d 1185, 1186–87 n. 1: "Appellant was also convicted on Bill of Information Number 591 February Term 1979 of simple assault. We cannot consider appellant's arguments challenging that conviction, however, for appellant's notice of appeal listed only Bill of Information Number 590 February Term 1979, on which he was convicted of rape." See also *Commonwealth v. Hill*, 267 Pa.Super. 140, 142 n. 1, 406 A.2d 558, 559 n. 1 (1979):

Appellant argues that the evidence was insufficient to sustain the conviction of conspiracy, and that Section 906 of the Crimes Code precludes his conviction of both conspiracy and possession of an instrument of crime. We shall not consider appellant's first argument because he failed to file a Notice of Appeal from the judgment of

sentence on Indictment No. 1480, which is the indictment that charged him with conspiracy. Failure to file a timely Notice of Appeal is fatal to that appeal.

Here, McNeil and Keys did not petition to amend their notices of appeal to show their appeals were from the relevant bills until long after the time for filing a proper notice of appeal had passed.

In *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979), the Pennsylvania Supreme Court allowed the filing of a late appeal that was caused by the illness of the secretary of appellant's counsel; the court stated that "we are presented with a non-negligent failure to file a timely appeal ...." 485 Pa. at 259, 401 A.2d at 1135. In the present case, however, we note, as did the court in *State Farm Mutual Auto Insurance Co. v. Schultz*, 281 Pa.Super. 212, 218 n. 7, 421 A.2d 1224, 1227 n. 7 (1980): "There is no indication in the record that the late filing here was caused by non-negligent happenstance."

We are aware that in *Commonwealth v. Brown*, 264 Pa.Super. 127, 399 A.2d 699 (1979), the Superior Court interpreted a notice of appeal from bill nos. "136 & 138" as a typographical error and decided that what was actually meant was that an appeal was being taken from bill nos. "136–138", however, we note that the Superior Court was subsequently reversed by the Pennsylvania Supreme Court (see *Commonwealth v. Brown*, 497 Pa. 7, 438 A.2d 592) and the judgments of sentence reinstated. In so ruling, the Pennsylvania Supreme Court noted that because of its disposition of the appeal on other grounds it was unnecessary to rule on the merits of this issue. In any event the magnitude of the error in the present case (listing only a bill number from a severed charge and completely failing to indicate in any way that other bills were also being appealed from) is of a much higher degree than writing an ampersand rather than a dash and is, in fact, not so much indicative of a typographical error as it is of a negligent misapprehension as to which sentences on which bills are actually being appealed.

As we are without authority to extend the time for the filing of a notice of appeal, and as no timely appeal concerning the presently considered bills was filed, we must quash these appeals.

Appeals quashed.

SPAETH, J., files a concurring statement.

SPAETH, Judge, concurring:

I don't agree that *Commonwealth v. Brown*, 264 Pa.Super. 127, 399 A.2d 699 (1979), is distinguishable: both there and in this case the error was to omit typing the number of a bill or information on the notice of appeal. In my view the appeals should be quashed on the authority of *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979), which I regard as *sub silentio* overruling *Brown*. In *Bass* the Supreme Court reaffirmed the rule that "[t]he negligence of an appellant, or an appellant's counsel, or an agent of appellant's counsel, has not been considered a sufficient excuse for the failure to file a timely appeal." *Id.*, 485 Pa. at 259, 401 A.2d at 1135. Here, both appellants were negligent.