493 A.2d 89

Joseph D. MORING and Mary Alice Moring

v.

William DUNNE and City of Philadelphia.

Appeal of William DUNNE.

Joseph D. MORING and Mary Alice Moring

v.

Detective William DUNNE and City of Philadelphia.

Appeal of CITY OF PHILADELPHIA.

Superior Court of Pennsylvania.

Argued June 2, 1983.

Filed April 26, 1985.

Petition for Reargument Dismissed
June 4, 1985.

Richard M. Sanders, Philadelphia, for appellant (at 3204) and for appellee (at 658).

Sarah Makin, Philadelphia, for appellant (at 658) and for appellee (at 3204).

Keith S. Erbstein, Philadelphia, for appellees.

Before ROWLEY, WIEAND and BECK, JJ.

BECK, Judge:

The threshold issue on appeal is whether the lower court properly granted appellants' petitions for leave to file a notice of appeal *nunc pro tunc.* We hold that these petitions were erroneously granted and therefore quash the appeals as untimely filed.

On October 23, 1973, at approximately 11:45 p.m., in the Allan's Alley bar in Philadelphia, Joseph Moring was shot and critically wounded by William Dunne, a Philadelphia police officer, following a series of physical confrontations between the two men. Moring filed a complaint in trespass against Dunne and the City of Philadelphia seeking damages for his injuries. The matter was heard without a jury before the lower court on May 8–9, 1980. On May 20, 1980, the court made findings of fact on liability in favor of

Moring and against the defendants, jointly and severally, in the amount of $200,000. The defendants then filed exceptions to these findings. On May 15, 1981, the lower court dismissed the exceptions and directed the Prothonotary to enter judgment in Moring's favor in the amount of $211,-880.43. Both Dunne and the City subsequently appealed from the May 15, 1981 order.*

With regard to Dunne's appeal, sometime after September 22, 1981, Dunne filed a petition for leave to file a notice of appeal *nunc pro tunc* in the lower court. On November 18, the lower court entered an order permitting Dunne "to file a notice of appeal from the Order of this Court dated June 15, 1981." On December 9, Dunne filed a notice of appeal "from the Order entered in this matter on the 15th day of June, 1981, as per order of Judge Wilson dated 11/18/81." On December 10, the lower court amended its November 18 order to read: "In consideration of the Petition filed by defendant, William Dunne and upon good cause shown, it is hereby ORDERED and DECREED that defendant William Dunne shall be permitted to file a notice of appeal from the Order of this Court dated May 15, 1981." On December 16, Dunne filed an Amended Notice of Appeal from the May 15, 1981 order. This appeal was docketed on December 17, 1981.

With regard to the City's appeal, on June 23, 1981, the City filed a petition for leave to file a notice of appeal *nunc pro tunc* in the Superior Court. On September 8, this Court denied that petition without prejudice to the City to file it in the Court of Common Pleas. The City then filed a

---

* These appeals were consolidated pursuant to a May 12, 1982 stipulation.

On appeal, Dunne raises the following issues: (1) whether Dunne was acting as an agent for the City of Philadelphia, and (2) whether Dunne exercised reasonable care in the use of force and in effecting Moring's arrest. Additionally, the City raises the following issues: (1) whether the lower court abused its discretion in denying the City's motion to preclude the testimony of Moring and his physician, and (2) whether the lower court abused its discretion in denying the City's motion for compulsory nonsuit and in dismissing the City's exceptions. Because of our disposition of this case, however, we need not address appellants' claims.

petition in the lower court and, on November 2, 1981, the lower court granted this petition. The City's notice of appeal from the May 15, 1981 order was filed on or about February 24, 1982 and was docketed on March 2, 1982.

Pennsylvania Rule of Appellate Procedure 903(a) expressly provides that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 105(b) states that:

> An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but *the court may not enlarge the time for filing a notice of appeal*
> . . . .

(Emphasis added). It is well-established that the extension of the filing period or the allowance of an appeal *nunc pro tunc* will be permitted only in extraordinary circumstances, namely, fraud or some breakdown in the processes of the court. Pa.R.A.P. 105(b) note; *West Penn Power Co. v. Goddard*, 460 Pa. 551, 556, 333 A.2d 909, 912 (1975); *Commonwealth v. Englert*, 311 Pa.Superior 78, 81, 457 A.2d 121, 123 (1983); *Maxton v. Philadelphia Housing Authority*, 308 Pa.Superior 444, 448, 454 A.2d 618, 620 (1982); *Conrad v. Kemmerer*, 301 Pa.Superior 410, 412, 447 A.2d 1032, 1034 (1982); *Marcinak v. Lavery*, 286 Pa.Superior 92, 96, 428 A.2d 587, 589 (1981); *International Brotherhood of Electrical Workers*, 259 Pa.Superior 65, 67, 393 A.2d 718, 719 (1978); *Provident National Bank v. Rooklin*, 250 Pa.Superior 194, 199, 378 A.2d 893, 895 (1977); *McKanick v. Rubin*, 244 Pa.Superior 467, 470–71, 368 A.2d 815, 817 (1976); *Leveto v. National Fuel Gas Distribution Corp.*, 243 Pa.Superior 510, 516, 366 A.2d 270, 273 (1976); *Scharfman v. Philadelphia Transportation Co.*, 234 Pa.Superior 563, 571 n. 7, 340 A.2d 539, 543 n. 7 (1975); *Riley's Grille Liquor License Case*, 213 Pa.Superior 46, 48, 245 A.2d 725, 726 (1968); *Southwest Philadelphia Plumbing Supply v. Catanzaro*, 181 Pa.Superior 209, 212, 124 A.2d 476, 477 (1956); *Perin v. Gochnauer*, 173 Pa.Superior 609, 612, 98

A.2d 755, 756–57 (1953). Additionally, the mere neglect or mistake of the appellant or his counsel is not considered a sufficient excuse for failure to file a timely appeal. *State Farm Mutual Automobile Insurance Co. v. Schultz*, 281 Pa.Superior 212, 218 n. 7, 421 A.2d 1224, 1227 n. 7 (1980); *International Brotherhood of Electrical Workers, supra*, 259 Pa.Superior at 67, 393 A.2d at 720; *McKanick v. Rubin, supra*, 244 Pa.Superior at 470–71, 368 A.2d at 818; *W.W. Grainger, Inc. v. Ruth*, 192 Pa.Superior 446, 449, 161 A.2d 644, 646 (1960).

However, in 1979, our Supreme Court held that a *non-negligent* failure to file a timely appeal would be grounds for allowing an appellant to file an appeal *nunc pro tunc* where the appeal was filed within a very short time, during which any prejudice to the other party would necessarily be minimal. *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979). In *Bass*, the appeal papers had been typed up and were ready for filing on Friday, July 7, six days prior to the expiration of the time allowed for filing the appeal, and the papers were placed in a folder on the corner of the secretary's desk in the law office, along with other papers to be filed. However, during the late afternoon on that day, the secretary became ill and left work. She was out because of illness during the entire following week and returned to work on Monday, July 17. Although normal office procedure was to have another secretary check the desk of a secretary who was ill, in this case, the secretary who was ill was the one who routinely did the checking. The petition for permission to appeal *nunc pro tunc* was filed on Monday, July 17, four days after the appeal period had expired. On these facts, the Court concluded that neither the attorney nor the secretary acted negligently. *Id.*, 485 Pa. at 258–60, 401 A.2d at 1135. By way of analogy, the Supreme Court cited the example of an attorney who has a heart attack or other illness on the way to the Prothonotary's Office to file an appeal, thereby causing him to lose control of his vehicle and injure a bystander: "Just as the attorney would not be liable for damages to the

bystander resulting from his non-negligent driving, his client should not suffer because the attorney, as a result of his illness, was unable to file the appeal." *Id.*, 485 Pa. at 260, 401 A.2d at 1135.

The *Bass* exception has not been readily applied by this Court. In *State Farm Mutual Automobile Insurance Co. v. Schultz, supra,* we quashed an untimely appeal where the notice of appeal was not filed until the 31st day after the entry of the lower court's order. In reconciling this result with *Bass,* we concluded that, in *Schultz,* "[t]here [was] no indication in the record that the late filing . . . was caused by non-negligent happenstance." 281 Pa.Superior at 218 n. 7, 421 A.2d at 1227 n. 7. Similarly, in *Commonwealth v. Keys,* 313 Pa.Superior 410, 460 A.2d 253 (1983), where the error was the omission of the bill or information number on the notice of appeal, we quashed the appeals because "[t]here [was] no indication in the record that the late filing here was caused by non-negligent happenstance." *Id.,* 313 Pa.Superior Ct. at 414, 460 A.2d at 254–55. Finally, in *Gallardy v. Ashcraft,* 288 Pa.Superior 37, 430 A.2d 1201 (1981), this Court declined to apply retroactively the *Bass* exception for "non-negligence" to allow an appeal when the appeal time had expired prior to the date of the *Bass* decision. *Id.,* 288 Pa.Superior Ct. at 43–44, 430 A.2d at 1203–04. Moreover, we commented that the *"Bass* majority applied its 'non-negligence' standard to a set of facts which plainly seemed to involve negligence under any traditional meaning of the term." *Id.,* 288 Pa.Superior Ct. at 43 n. 8, 430 A.2d at 1204 n. 8.

Here, both appeals were filed several months late. Because there is no allegation or evidence of fraud or court breakdown, we must determine if appellants have satisfied the *Bass* exception for non-negligence. In Dunne's petition for leave to file a notice of appeal *nunc pro tunc,* he alleged that (1) he received a letter dated September 22, 1981, from Marsha Bashman, the wife of his attorney at that time, informing him that his attorney had died on March 14, 1981, that his exceptions had been denied, and

that he should obtain substitute counsel; (2) this letter was the first notice which he received of his attorney's death and of the court's action on his exceptions; and (3) he then acted promptly to secure new counsel and to petition the court for permission to appeal *nunc pro tunc* from the May 15, 1981 order. In the City's first petition, filed in the Superior Court, the City alleged that (1) the record of the case was sent to the attorney in charge of appeals by the trial attorney without a notice of appeal having been filed; (2) the appeals attorney terminated her employment with the City during the appeal period, and her secretary was out on extended sick leave during the final weeks of the attorney's employment; (3) as a result of office reorganization, "present counsel" [then, Chief Assistant City Solicitor Arlene F. Bell] was placed in charge of appeals for the city during the appeal period; (4) during this entire period of time, the Office of the City's Law Department was undergoing physical renovation, resulting in moving to temporary quarters and packing and unpacking of records and materials; (5) "present counsel" prepared for typing a notice of appeal which, although typed, was lost temporarily and not returned to counsel for signature and filing during the appeal period; and (6) the City acted promptly, upon discovery of the error, to petition this Court for relief, and the delay was not so long as to prejudice the plaintiff. In the City's second petition, filed in the lower court, it alleged that (1) on June 23, 1981, Bell filed a petition for leave to file a notice of appeal *nunc pro tunc* with the Superior Court; (2) by letter dated September 15, 1981, this Court notified the City that the petition was denied without prejudice to the City's right to refile it in the lower court; (3) the petitioner on behalf of the City [Deputy City Solicitor Jill A. Douthett] had no knowledge of the facts set forth in the previously filed petition because she commenced her employment in the Law Department on August 24, 1981, and Bell was no longer employed in the Law Department; and (4) the City incorporated into the instant petition the sworn averments of the previously filed petition.

■ After careful consideration of the above-described allegations in appellants' petitions, we conclude that there is no evidence in the record to indicate that the late filings were caused by "non-negligent happenstance." *See Commonwealth v. Keys, supra*, 313 Pa.Superior at 414, 460 A.2d at 255; *State Farm Mutual Automobile Insurance Co. v. Schultz, supra*, 281 Pa.Superior at 218 n. 7, 421 A.2d at 1227 n. 7. Although the death of Dunne's former attorney could qualify as a non-negligent event, we note that the September 22, 1981 letter indicated that Dunne was already aware of his attorney's death prior to receiving the letter: *"As you already know*, my husband, Stanley Bashman, died on March 14, 1981.... *As I mentioned before*, you may wish to retain other counsel to protect your interest in this matter." (Emphasis added). Moreover, even assuming that Dunne was unaware prior to September 22, 1981, we find that Dunne's failure to contact Bashman as to the status of his case or to question the sixteen-month silence from the filing of his exceptions in late May, 1980, until his receipt of the letter in late September, 1981, cannot qualify as "non-negligence." Unlike the situation in *Bass*, where the error was quickly discovered and remedied within a few days after the expiration of the appeal period, the instant failure to appeal by June 14, 1981 was not remedied until several months later. As our Supreme Court stated in *Bass*, "[w]ithout doubt the passage of any but the briefest period of time during which an appeal is not timely filed would make it most difficult to arrive at a conclusion that the failure to file was nonnegligent." 485 Pa. at 260, 401 A.2d at 1135. Additionally, we find that the city's explanation for failing to file a timely appeal reveals negligent conduct on several occasions.

Under these circumstances, we find *Bass* clearly distinguishable from the instant case. "Untimely appeals present a jurisdictional issue and must be quashed." *Murphy v. Brong*, 321 Pa.Superior 340, 344, 468 A.2d 509, 511 (1983). Accordingly, we must quash the instant appeals.

Appeals quashed.