J-S62041-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
CHRYSTAL ANN DAVIS, :
:
Appellant : No. 134 MDA 2017

Appeal from the Judgment of Sentence Entered December 14, 2016,
in the Court of Common Pleas of Franklin County,
Criminal Division at No(s): CP-28-CR-0000705-2016

BEFORE:  STABILE, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED OCTOBER 23, 2017**

Chrystal Ann Davis (Appellant) appeals from the judgment of sentence imposed after she was found guilty of driving under the influence (DUI).  For the reasons that follow, we quash this appeal.

Given the manner in which we dispose of this matter, we need not provide a full recitation of the factual history.  Pertinent to this appeal, on October 27, 2016, the trial court found Appellant guilty of DUI and on December 14, 2016, Appellant was sentenced to six months' probation and ordered to pay a $300 fine.

Appellant filed a notice of appeal, which was received and docketed by the clerk of courts in Franklin County on January 17, 2017.  Thereafter, the trial court issued an order directing Appellant to comply with the

_____

* Retired Senior Judge assigned to the Superior Court.

requirements of Pa.R.A.P 1925(b). Appellant filed her concise statement on February 7, 2017, and the trial court issued its opinion on March 2, 2017.

In her brief to this Court, Appellant asks us to consider two issues concerning the initial stop of her vehicle and the evidence produced by the Commonwealth to sustain her conviction. However, before we can reach the merits of those issues, we must address whether this Court has jurisdiction to entertain this appeal. **See Commonwealth v. Demora**, 149 A.3d 330, 331 (Pa. Super 2016) ("We may raise the issue of jurisdiction *sua sponte.*").

A "notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903. Here, the period in which to file a notice of appeal timely ended on Friday, January 13, 2017. Appellant's notice of appeal was docketed on Tuesday, January 17, 2017, one business day beyond the deadline.[1]

Upon initial review of the record, this Court issued a rule to show cause why this appeal should not be quashed. **See** Order, 3/28/2017. Forest Dean Morgan, Esquire, counsel for Appellant, filed an answer on her behalf, averring that the notice of appeal was mailed on January 11, 2017. Appellant's Answer to Rule to Show Cause, 4/3/2017, at 1 (unnumbered). This is of no moment, as it is well-settled that "[f]iling may be accomplished by mail addressed to the prothonotary, but except as otherwise provided by

---

[1] Monday, January 16, 2017 was a court holiday.

these rules, **filing shall not be timely unless the papers are received by the prothonotary within the time fixed for filing.**" Pa.R.A.P. 121 (emphasis added).[2]

Nonetheless, Attorney Morgan argues the untimely filing of Appellant's notice of appeal should be accepted *nunc pro tunc* for the following reasons: (1) events that led to the filing of this appeal only became known to him and Appellant several days prior to the expiration of the appeal period; (2) the notice of appeal was mailed two days prior to the end of the appeal period, averring "no other practical means for delivering the notice existed[,]" because he is a solo-practitioner whose office is sixty miles away from the courthouse, scheduling conflicts prohibited him from hand delivering the notice, Franklin County does not permit electronic filings, and his secretary was nine months pregnant at the time and unable to drive long distances; (3) based on previous experience with mailing filings, Attorney Morgran had a reasonable basis for believing that the notice would be received by the clerk of courts in a timely manner; and (4) we should grant Appellant's motion to treat this notice of appeal as having been timely filed *nunc pro tunc* because Appellant has met the standards set forth in **Bass v.**

---

[2] We are cognizant that this rule applies to, *inter alia*, appellate court filings. Nonetheless, our case law and rules have reiterated that a notice of appeal must be **filed** within thirty days. **See Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa. Super. 2000) ("[A] notice of appeal must be filed within thirty days after the date of entry of that order."). **See also** Pa.R.A.P. 105 (["This C]ourt may not enlarge the time for filing a notice of appeal[.]").

*Commonwealth Bureau of Corrections,* 401 A.2d 1133 (Pa. 1979).[3] Appellant's Answer to Rule to Show Cause, 4/3/2017, at 1-8 (unnumbered).

However, despite Appellant's protestations to the contrary, we find this case akin to our Supreme Court's decision in *Criss v. Wise*, 781 A.2d 1156 (Pa. 2001)  In *Criss*, the Court, interpreting and seemingly narrowing its decision in *Bass*, determined that non-negligent, extraordinary circumstances that would permit the untimely filing of a notice of appeal did not include a party's failure to anticipate a delay in mail delivery.  *Criss*, 781 A.2d at 1160.  Although in *Criss*, the filing was mailed around a busy holiday season, the Court nonetheless held that "regardless of the season, an appellant has a duty to suspect delays when mailing a notice of appeal." *Id.* at 1160, n.3.  As such, our high court rejected Criss's request that it find that the delayed filing constituted a non-negligent circumstance as outlined

---

[3] In *Bass*, our Supreme Court

> found that where an appellant, an appellant's counsel, or an agent of appellant's counsel has failed to file a notice of appeal on time due to non-negligent circumstances, the appellant should not lose his day in court.  Therefore, the *Bass* Court expanded the limited exceptions for allowing an appeal *nunc pro tunc* to permit such an appeal where the appellant proves that: (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay.

*Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001) (citation omitted).

in **Bass**. In holding as such, the Court found that the exception for filing an appeal *nunc pro tunc*

> in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so. **See** [**Cook v. Unemployment Comp. Bd. Of Review***, 671 A.2d 1130, 1132 (Pa. 1996)]; **Perry v. Unemployment Comp. Bd. of Review**, [459 A.2d 1342, 1343 (Pa. Cmwlth. 1983)] (fact that law clerk's car broke down while he was on route to the post office, precluding him from getting to the post office before closing time, was a non-negligent happenstance for granting appeal *nunc pro tunc* ); **Tony Grande, Inc. v. Workmen's Comp. Appeal Bd. (Rodriquez)***, [455 A.2d 299, 300 (Pa. Cmwlth. 1983)] (hospitalization of appellant's attorney for unexpected and serious cardiac problems ten days into twenty day appeal period was reason to allow appeal *nunc pro tunc* ); **Walker v. Unemployment Comp. Bd. of Review,** [461 A.2d 346, 347 (Pa. Cmwlth. 1983)] (U.S. Postal Service's failure to forward notice of referee's decision to appellant's address, as appellant had requested, warranted appeal *nunc pro tunc* ). **But cf. In re In the Interest of C.K.***, [535 A.2d 634, 639 (Pa. Super. 1987)] (appeal *nunc pro tunc* denied where counsel was absent from office and did not learn of appellant's desire to appeal before expiration period because counsel negligently failed to make arrangements to look over his professional obligations); **Moring v. Dunne***, [493 A.2d 89, 92-93 (Pa. Super. 1985)] (although death of appellant's attorney may have qualified as a non-negligent circumstance, appellant failed to prove that he attempted to appeal on time but was precluded from doing so as a result of receiving late notice of his attorney's death). Accordingly, as delays in the U.S. mail are both foreseeable and avoidable, [a]ppellee's failure to anticipate a potential delay in the mail was not such a non-negligent circumstance for which an appeal *nunc pro tunc* may be granted.

**Id.** at 1160 (footnotes omitted). Although Attorney Morgan has represented to this Court several additional hurdles he contends precluded the timely filing of a notice of appeal, we have concluded that none of these obstacles

falls within the ambit of acceptable non-negligent circumstances, as outlined *supra*.

Thus, in light of the foregoing, we conclude that Appellant untimely filed her notice of appeal. Consequently, this Court does not have jurisdiction to entertain the appeal. For these reasons, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2017