J-S69015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JUAN ABEL SANTIAGO, | |
| Appellant | No. 1801 MDA 2017 |

Appeal from the Judgment of Sentence Entered September 15, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002180-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED JANUARY 16, 2019**

Appellant, Juan Abel Santiago, appeals from the judgment of sentence of life imprisonment, without the possibility of parole, imposed after he was convicted of first-degree murder and related offenses.  After review, we are compelled to quash this appeal.

We need not set forth the facts underlying Appellant's convictions. Instead, we only note that on September 15, 2017, he was convicted by a jury of first-degree murder, second-degree murder, and robbery.  That same day, the court sentenced Appellant an aggregate term of two, concurrent

terms of life imprisonment, without the possibility of parole, for his murder convictions.[1]

Appellant filed a timely, post-sentence motion.  Therein, his privately-retained trial counsel, George H. Margetas, Esq., raised substantive claims on Appellant's behalf, but also sought to withdraw from representing Appellant on appeal.  Attorney Margetas indicated that while he had "prepared [the] proper paperwork in order to file an [a]ppeal[,]" he had only been retained "for work through trial."  Defense Post-Sentence Motion, 9/28/17, at 2 (unnumbered).  Consequently, Attorney Margetas asked for permission to withdraw and that new counsel be appointed for Appellant's appeal.  *Id.*

On October 18, 2017, the court issued an order denying Appellant's substantive, post-sentence motion issues, but granting Attorney Margetas's request to withdraw, stating: "Defense counsel shall file the proposed notice of appeal.  Counsel may then withdraw."  Order, 10/18/17, at 1 (single page). The court further directed that Thomas Kelley, Esq., be appointed as appellate counsel for Appellant.  *See id.*

On November 20, 2017, Attorney Margetas filed an untimely notice of appeal.  *See* Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is

---

[1] We note that first- and second-degree murder do not merge for sentencing purposes.  *See Commonwealth v. Crissman*, 195 A.3d 588 (Pa. Super. 2018).  Appellant's robbery conviction, however, did merge with his conviction for second-degree murder.

taken."). On June 27, 2018, this Court issued a Rule to Show Cause why Appellant's appeal should not be quashed as untimely. No response was filed by Attorney Kelley, who had entered his appearance on Appellant's behalf on January 31, 2018. On July 13, 2018, this Court discharged the Rule to Show Cause order and referred the issue of the timeliness of Appellant's appeal to the merits panel.

On July 18, 2018, Attorney Kelley filed an untimely response to the show-cause order. Therein, he explained that the trial court had ordered Attorney Margetas to file the notice of appeal before withdrawing, but that Attorney Margetas had failed to do so in a timely fashion. Attorney Kelley characterized these circumstances as "a breakdown in the process of replacing counsel for [] Appellant[,]" and asked that we excuse the untimeliness of Appellant's appeal on that basis. ***See*** Appellant's Response to Court's Order to Show Cause, 7/18/18, at 2 (citing ***Commonwealth v. Braykovich***, 664 A.2d 133 (Pa. Super. 1995)). Unfortunately for Appellant, we cannot do so.

> It is well-settled that appellate courts cannot extend the time for filing an appeal. Pa.R.A.P. 105(b) provides as follows:
>
>> An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but the court **may not enlarge** the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review. (emphasis added)
>
> However, the official note to Pa.R.A.P. 105 creates an exception to this rule: "Subdivision (b) of this rule is not intended to affect the power of a court to grant relief in the case of fraud or breakdown in the processes of a court." As recognized by this

Court, the official note makes it clear that the appellate courts retain the power to grant relief from the effects of a breakdown in the court system:

It is well-established that the extension of the filing period or the allowance of an appeal *nunc pro tunc* will be permitted only in extraordinary circumstances, namely, fraud or some breakdown in the processes of the court. Pa.R.A.P. 105(b) note.

**Braykovich**, 664 A.2d at 136 (emphasis added by **Braykovich**; some internal citations omitted).

In **Braykovich**, this Court excused an untimely-filed notice of appeal because the clerk of courts had erroneously failed to enter an order denying Braykovich's post-sentence motion by operation of law, as it was required to do under Pa.R.Crim.P. 1410 (now numbered Rule 720(B)(3)(c)). Clearly, the breakdown in the operation of the court in **Braykovich** (the sole case cited by Attorney Kelley in his response to our show-cause order) is not akin to the circumstances in the present case. Here, the court did nothing wrong; it was Appellant's privately-retained counsel who erred. The court clearly ordered Attorney Margetas to file a notice of appeal before withdrawing, yet counsel failed to timely do so. Nothing in the record indicates that Attorney Margetas had a "non-negligent" reason for this error. **See Bass v. Commonwealth**, 401 A.2d 1133, 1135 (Pa. 1979) (establishing an exception for the allowance

of an appeal *nunc pro tunc* for counsel's "non-negligent failure to file an appeal").[2]

Consequently, we are compelled to conclude that there has been no fraud or breakdown in the operations of the court that permit us to excuse the untimeliness of Appellant's notice of appeal. As such, we lack jurisdiction to review his claims. **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) ("We lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte*.") (citation omitted). Appellant's only recourse is to file a petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, alleging Attorney Margetas's ineffectiveness and seeking the reinstatement of his direct appeal rights.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2019

---

[2] While we cite **Bass**, we note that "the scope of the holding in **Bass** is unclear, **In re Interest of C.K.**, … 535 A.2d 634 ([Pa. Super.] 1987), and our Court has applied **Bass** restrictively, **see Moring v. Dunne**, [493 A.2d 89 (Pa. Super. 1985)]." **Braykovich**, 664 A.2d at 138 n.7.