# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas J. Greco and :
G Net Commco., Inc., :
    Appellants :
     :
     :
   v.   :
     :
City of Wilkes-Barre and :
Redevelopment Authority of : No. 1425 C.D. 2019
City of Wilkes-Barre : Argued: February 9, 2021


BEFORE: HONORABLE ANNE E. COVEY, Judge
    HONORABLE ELLEN CEISLER, Judge
    HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY       FILED: March 2, 2021


   Thomas J. Greco and G Net Commco., Inc. (collectively, Greco) appeal from the Luzerne County Common Pleas Court's (trial court) September 9, 2019 order sustaining the City of Wilkes-Barre's (City) preliminary objection based on untimeliness (Preliminary Objection) to Greco's Petition for the Appointment of a Board of Viewers (Petition). Greco presents four issues for this Court's review: (1) whether Greco preserved any issues on appeal by timely serving the trial court with its Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement), but not filing its Rule 1925(b) Statement of record; (2) whether the trial court abused its discretion and committed an error of law by granting the Preliminary Objection based on the determination that the applicable statute of limitations was 21 years from an effective date of May 1986, when the facts pled by Greco were uncontroverted and the record established that Greco did not take possession of the land until October 4, 2002, and

had no rights of any action until said time; (3) whether the trial court abused its discretion and committed an error of law by failing to recognize that there were two separate unlawful takings at two separate times and the Petition was timely filed relative to both takings; and (4) whether the trial court abused its discretion and committed an error of law by limiting the right to recovery to the previous owners at the time of the taking, when in fact: there was no formal declaration of taking relative to the subject parcel, manholes and vault; the previous owner had no notice; and Greco, subsequent to taking ownership and possession, timely commenced an action after becoming aware of the taking.  After review, this Court quashes the appeal.

**Background**

On October 3, 2008, Greco filed a Praecipe for a Writ of Summons against the City and the City's Redevelopment Authority (Redevelopment Authority) (collectively, Appellees) with the Luzerne County Common Pleas Court (Common Pleas).[1]  On September 27, 2018, due to over two years of inactivity, Common Pleas sent a Notice of Proposed Termination of Case to Greco and the Appellees giving the parties until November 15, 2018, to file a Statement of Intention to Proceed to avoid dismissal of the case.  On November 13, 2018, Greco filed a Statement of Intention to Proceed.

On May 7, 2019, Greco filed the Petition.  On June 5, 2019, the City filed preliminary objections to the Petition, including, *inter alia*, the Preliminary Objection alleging the Petition's untimeliness.  On June 26, 2019, Greco filed an Answer thereto.  On September 9, 2019, the trial court granted the Preliminary

---

[1] The Luzerne County Common Pleas Court is defined as Common Pleas to distinguish it from the trial court, which ruled on the instant Preliminary Objection.

Objection. On September 17, 2019, Greco filed a Petition for Reconsideration, which the trial court denied the same day. On October 7, 2019, Greco appealed to this Court. On October 17, 2019, the trial court issued an order directing Greco to file and serve a Rule 1925(b) Statement. On November 6, 2019, Greco hand delivered a copy of its Rule 1925(b) Statement to the trial court judge. However, Greco never filed a copy of its Rule 1925(b) Statement with the trial court's prothonotary.

On February 18, 2020, the trial court issued its opinion pursuant to Rule 1925(a) (Rule 1925(a) opinion) stating that Greco's Rule 1925(b) "Statement was required to be filed on or before November 8, 2019. Any filings at this time would be untimely under the Rules of Appellate Procedure and thus the appeal fails." Trial Ct. February 18, 2020 Op. at 8. By March 5, 2020 Order, this Court directed the parties "to address in their principal briefs on the merits or other appropriate motion whether [Greco] preserved any issues on appeal in light of [its] apparent failure to file a [Rule 1925(b)] Statement." March 5, 2020 Order. On March 6, 2020, Greco filed its Rule 1925(b) Statement with this Court. By March 13, 2020 Order, this Court directed that Greco's Rule 1925(b) Statement be "stricken as unauthorized under the Pennsylvania Rules of Appellate Procedure." March 13, 2020 Order.

On May 11, 2020, Greco filed with this Court an Application for Leave to File its Rule 1925(b) Statement *Nunc Pro Tunc* (Application). On May 14, 2020, Greco refiled its Application.[2] On May 18, 2020, this Court remanded the matter to the trial court for the filing and disposition of the Application. The trial court held a hearing on July 6, 2020. On August 12, 2020, the trial court granted Greco's Application and permitted Greco to file a Rule 1925(b) Statement *Nunc Pro Tunc*.

---

[2] It appears Greco refiled its Application because the first filing did not include a cover letter or proof of service.

The trial court issued a Rule 1925(a) opinion on September 25, 2020, stating that it granted the Application under Rule 1925(b)(2), because the fact that Counsel thought her secretary filed the Rule 1925(b) Statement was a non-negligent circumstance which caused the non-filing. The trial court also addressed the merits of the appeal in its Rule 1925(a) opinion.

**Discussion**

Preliminarily, this Court must address whether the trial court properly granted Greco's Application.[3] The trial court opined:

> [Rule] 1925 carves out an exception to the general rule by allowing 'in extraordinary circumstances . . . the filing of a [Rule 1925(b)] Statement or amended or supplemental [Rule 1925(b)] Statement *nunc pro tunc*.' Pa.R.A.P. 1925(b)(2). This narrow exception has over time been expanded to allow for appeals *nunc pro tunc* in cases where the untimely filing was a result of non-negligent circumstances on the part of appellant's counsel or their agent. *See Bass v. Commonwealth*, 401 A.2d 1133, 1135 (Pa. 1979). In such cases, the [a]ppellant must prove that:
>
> > (1) **the appellant's notice of appeal was filed late as a result of non-negligent circumstances**, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; **and** (3) the appellee was not prejudiced by the delay.
>
> *See* [*i*]*d*. at 1135-36.

---

[3] Greco and the City filed their briefs with this Court before the trial court granted Greco's Application and filed its Rule 1925(a) opinion. Although the Redevelopment Authority filed its brief with this Court after the trial court's ruling on Greco's Application and Rule 1925(a) opinion were filed, the Redevelopment Authority nonetheless did not address the trial court's granting of the Application or reasons therefor in its brief.

4

Trial Ct. September 25, 2020 Op. at 7 (emphasis added). The trial court thereafter concluded:

> After conducting an evidentiary hearing on July 6, 2020, it is clear from the testimony of [Greco's Counsel's (Counsel)] part-time assistant, Dania Amico Merrick ([] []Ms. Merrick[]) that **there was a mistake as to the failure to file the [Rule 1925(b) Statement] timely**. The testimony indicated that both [Counsel] and Ms. Merrick were under the impression that the other had filed the [Rule 1925(b) Statement]. After being made aware, [Counsel] rectified **her mistake** by immediately filing the [Rule 1925(b) Statement] with the prothonotary on March 10, 2020, and served a copy on [Appellees] and this Court. Additionally, Ms. Merrick provided testimony regarding new policies and remedial measures put in place to prevent such a situation from occurring in the future. **Such testimony highlights the non-negligent nature of the error** and assures this Court that such an error is less likely to occur again.

*Id*. at 8-9 (emphasis added).

The standard for *nunc pro tunc* relief is the same for filing a Rule 1925(b) Statement, as it is for the filing of an appeal.[4] The Pennsylvania Supreme

---

[4] The Rule 1925(b)(2) note expressly provides, in pertinent part:

> In general, *nunc pro tunc* relief is allowed only when there has been a breakdown in the process constituting extraordinary circumstances. *See, e.g.*, *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election*, 843 A.2d 1223, 1234 (Pa. 2004) ('We have held that fraud or the wrongful or negligent act of a court official may be a proper reason for holding that a statutory appeal period does not run and that the wrong may be corrected by means of a petition filed *nunc pro tunc*.')[.] **Courts have also allowed *nunc pro tunc* relief when 'non-negligent circumstances, either as they relate to appellant or his counsel' occasion delay**. *McKeown v. Bailey*, 731 A.2d 628, 630 (Pa. Super. 1999).

Pa.R.A.P. 1925(b)(2) Note (emphasis added).

5

Court has explained what constitutes non-negligent circumstances in order for the exception to apply, as follows:

> **The exception** for allowance of an appeal *nunc pro tunc* in non-negligent circumstances **is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal**, **but unforeseeable and unavoidable events precluded her from actually doing so**. *See Cook* [*v. Unemployment Comp. Bd. of Rev.*], 671 A.2d [1130,] 1132 [(Pa. 1996)]; *Perry v. Unemployment Comp. Bd. of Rev*[.], . . . 459 A.2d 1342, 1343 ([Pa. Cmwlth.] 1983) ([the] fact that [the] law clerk's car broke down while **he was on route to the post office**, precluding him from getting to the post office before closing time, was a non-negligent happenstance for granting appeal *nunc pro tunc*); *Tony Grande, Inc. v. Workmen's Comp. Appeal Bd. (Rodriquez)*, . . . 455 A.2d 299, 300 ([Pa. Cmwlth.] 1983) (hospitalization of appellant's attorney for unexpected and serious cardiac problems ten days into twenty day appeal period was reason to allow appeal *nunc pro tunc*); *Walker v. Unemployment Comp. Bd. of Rev*[.], . . . 461 A.2d 346, 347 ([Pa. Cmwlth.] 1983) (U[nited] S[tates] Postal Service's **failure to forward notice of referee's decision to appellant's address**, **as appellant had requested**, warranted appeal *nunc pro tunc*). *But cf. In re In the Interest of C.K.*, . . . 535 A.2d 634, 639 ([Pa. Super.] 1987) (appeal *nunc pro tunc* denied where counsel was absent from office and did not learn of appellant's desire to appeal before expiration period because counsel negligently failed to make arrangements to look over his professional obligations); *Moring v. Dunne*, . . . 493 A.2d 89, 92-93 ([Pa. Super.] 1985) (although death of appellant's attorney may have qualified as a non-negligent circumstance, **appellant failed to prove that he attempted to appeal on time but was precluded from doing so** as a result of receiving late notice of his attorney's death).

*Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001) (emphasis added).

Here, Greco did not establish that Counsel or her assistant attempted to file the Rule 1925(b) Statement, and unforeseeable and unavoidable events

6

precluded either from actually doing so, only that each had thought the other had filed it. "The delay in filing was not the result of exceptional circumstances; rather, it was due to a mistake." *Noweck v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth. No. 1991 C.D. 2016, filed October 23, 2017), slip op. at 6;[5] *see also Moyd v. Cook-Artis* (Pa. Cmwlth. No. 1453 C.D. 2008, filed February 10, 2009).[6] "Thus, we hold that the [trial c]ourt erred in finding that [Greco was] entitled to [file its Rule 1925(b) Statement] *nunc pro tunc* under the circumstances presented in this case." *Criss*, 781 A.2d at 1160.

Having determined that the trial court improperly granted the *nunc pro tunc* filing of Greco's Rule 1925(b) Statement, this Court must now determine whether Greco preserved any issues on appeal by timely serving the trial court judge with its Rule 1925(b) Statement, but not filing the Rule 1925(b) Statement with the trial court prothonotary. Greco argues that Rule 1925(b)(2) permits the filing of a Rule 1925(b) Statement *nunc pro tunc* to prevent a manifest injustice. Greco asserts that a manifest injustice would result if Greco was precluded from proceeding based on an extraordinary technical procedural violation. Appellees rejoin, in their respective briefs, that the trial court properly concluded in its February 18, 2020 opinion that Greco had waived all issues for this Court's review by failing to file of record a Rule 1925(b) Statement within 21 days of the date of its order as directed.

"[I]n determining whether an appellant has waived [its] issues on appeal based on non-compliance with [Rule 1925(b)], it is the trial court's order that triggers an appellant's obligation under the rule, and, therefore, we look first to the

---

[5] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent. The unreported opinions cited herein are cited for their persuasive value.

[6] The *Moyd* Court held: "The delay in filing the [Rule 1925(b) Statement] in this case was not the result of exceptional circumstances but, rather, a simple mistake." *Moyd*, slip op. at 6.

language of that order." *Berg v. Nationwide Mut. Ins. Co., Inc.*, 6 A.3d 1002, 1007-08 (Pa. 2010) (plurality). In *Berg*, the issue before the Pennsylvania Supreme Court was "[w]hether the [Pennsylvania] Superior Court erred in finding waiver of all appellate issues for failing to serve the trial judge with a [Rule 1925(b) Statement], when the trial judge's order directing a [Rule 1925(b)] Statement to be filed, failed to include language mandated by paragraphs (b)(3)(iii) and (iv) of [] Rule 1925(b)[.]" *Berg*, 6 A.3d at 1005.

> The Pennsylvania Supreme Court explained:
>
> [T]he trial court's order instructed [the a]ppellants to '*file with the [c]ourt, and a copy with the trial judge*, a Concise Statement of Errors Complained of on Appeal pursuant to [Rule] 1925(b) within twenty-one (21) days of the issuance of this order.' Order, 1/3/08 (emphasis added). Despite any suggestion to the contrary, the express language of [its] order *did not* instruct [the a]ppellants to *serve* a copy of their [Rule] 1925(b) Statement on the trial judge; rather, it directed [the a]ppellants to *file* copies of their [Rule] 1925(b) Statement with the court and with the trial judge. Although the instruction to file a document with a trial judge is an oddity, we conclude [the a]ppellants substantially complied with this directive by presenting a copy to the prothonotary of Berks County.

*Berg*, 6 A.3d at 1008. The *Berg* Court's holding was limited to its facts, as explained therein:

> [The *Berg* Court] hold[s] that **the issues raised in** [**the a**]**ppellants'** [**Rule**] **1925(b) Statement were not waived**, despite the fact that the statement was not personally served on the trial judge, where personal service was attempted by counsel and thwarted by the prothonotary, and **where the** [**trial**] **court's Rule 1925(**[**b**]**) order specified 'filing' and not 'service**.'[7]

---

[7] Indeed, the Pennsylvania Supreme Court noted:

8

*Berg*, 6 A.3d at 1012 (emphasis added).

Here, the trial court's order specified:

**AND NOW**, this 17th day of October, 2019, the [trial c]ourt having received a Notice of Appeal filed by [Greco], it is hereby **ORDERED and DECREED** as follows:

1) **Appellant(s) shall file of record a Concise Statement of Matters Complained of on Appeal pursuant to [Rule] 1925(b) within twenty-one (21) days of the date of this [o]rder** and serve a copy of same upon Appellee(s) and the [trial c]ourt, in accordance with [Rule] 1925(b)(1). Appellant(s) may serve the [trial c]ourt at the chambers of the [trial court judge] located on the third floor of the Luzerne County Courthouse, by emailing a copy to julie.berry@luzernecounty.org. or by mail addressed to the Honorable Lesa S. Gelb, 200 North River Street, Wilkes-Barre, PA 18711;

2) The [Rule 1925(b)] Statement shall concisely identify each ruling or error [Greco] intend[s] to challenge with sufficient detail, identifying all pertinent issues for the [trial c]ourt;

3) **Any issues not properly included in said [Rule 1925(b)] Statement shall be deemed waived**; and,

---

We do not mean to suggest . . . that the trial court's order 'trumps Rule 1925(b).' *See* Dissenting Opinion . . . , 6 A.3d at 1018. **We simply recognize the unique position in which [the a]ppellants were placed** as a result of the trial court's failure to adhere to the specific requirements of Rule 1925(b), the same rule under which the dissent concludes [the a]ppellants' issues are waived.

*Berg*, 6 A.3d at 1010 n.16 (emphasis added). The *Berg* Court further noted: "Our decision is based, in part . . . on [the a]ppellants' substantial compliance with the express terms of the trial judge's order." *Id*. at 1010 n.18.

9

4) Appellee(s) may file a response to the [Rule 1925(b) Statement] within twenty-eight (28) days of the date of this order.

The Clerk of Judicial Records-Prothonotary is directed to serve notice of the entry of this [o]rder pursuant to [Pennsylvania Rule of Civil Procedure] No. 236.

Trial Ct. October 17, 2019 Order (text emphasis added; footnote omitted).

Rule 1925(b) expressly provides, in relevant part:

**Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court**. If the judge entering the order giving rise to the notice of appeal ([]judge[]) desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ([Rule 1925(b)] Statement[]).

(1) *Filing and service*. **The appellant shall file of record the [Rule 1925(b)] Statement and concurrently shall serve the judge**. Filing of record shall be as provided in [Rule] 121(a) . . . . Service on the judge shall be at the location specified in the order, and shall be either in person, by mail, or by any other means specified in the order. Service on the parties shall be concurrent with filing and shall be by any means of service specified under [Rule] 121(c).

(2) *Time for filing and service*.

(i) The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the [Rule 1925(b)] Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental [Rule 1925(b)] Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the [Rule 1925(b)] Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the

10

filing of a [Rule 1925(b)] Statement or amended or supplemental [Rule 1925(b)] Statement *nunc pro tunc*.[8]

. . . .

(3) *Contents of order*. The judge's order directing the filing and service of a [Rule 1925(b)] Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the [Rule 1925(b)] Statement;

(ii) **that the [Rule 1925(b)] Statement shall be filed of record**;

(iii) that the [Rule 1925(b)] Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the [Rule 1925(b)] Statement in person and the address to which the appellant can mail the [Rule 1925(b)] Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the [Rule 1925(b)] Statement on the judge; and

(iv) that **any issue not properly included in the [Rule 1925(b)] Statement timely filed and served pursuant to subdivision (b) shall be deemed waived**.

Pa.R.A.P. 1925(b) (text emphasis added).

The trial court's order clearly specified that Greco "shall file of record a [Rule] 1925(b) [Statement] within twenty-one (21) days of the date of this [o]rder" and that "[a]ny issues not properly included in said [Rule 1925(b)] Statement shall be deemed waived." Trial Ct. October 17, 2019 Order. Rule 1925(b) is mandatory. "Pursuant to [Rule 1925(b)], an appellant **must** comply whenever the trial court orders the filing of a [Rule] 1925(b) [S]tatement in order to preserve a claim for appellate review. *Commonwealth v. Lord*, . . . 719 A.2d 306 ([Pa.] 1998)." *Egan v.*

---

[8] As discussed above, although Greco filed an Application for Leave to File its Rule 1925(b) Statement *Nunc Pro Tunc*, which the trial court granted, the trial court erred by granting the Application because Greco's failure to file was not caused by non-negligent circumstances.

11

*Stroudsburg Sch. Dist.*, 928 A.2d 400, 402 (Pa. Cmwlth. 2007) (emphasis added). Consequently, Greco's failure to file its Rule 1925(b) Statement with the trial court prothonotary as directed requires this Court to conclude that the issues raised in Greco's Rule 1925(b) Statement were waived. Because Greco did not file its Rule 1925(b) Statement with the trial court prothonotary as directed, this Court is constrained to quash Greco's appeal.

For all of the above reasons, Greco's appeal is quashed.

_____
ANNE E. COVEY, Judge

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas J. Greco and                    :
G Net Commco., Inc.,                   :
                Appellants  :
                             :
            v.       :
                             :
City of Wilkes-Barre and               :
Redevelopment Authority of             :   No. 1425 C.D. 2019
City of Wilkes-Barre                   :

O R D E R

AND NOW, this 2ⁿᵈ day of March, 2021, Thomas J. Greco and G Net Commco., Inc.'s appeal from the Luzerne County Common Pleas Court's September 9, 2019 order is quashed.

_____
ANNE E. COVEY, Judge