421 A.2d 1224

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

v.

Helen SCHULTZ, Administratrix of the Estate of Mary D.
Terrell and Frank Terrell,

Appeals of Helen SCHULTZ, Admrx. of the Estate of
Mary D. Terrell, Deceased.

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed Sept. 19, 1980.

Petition for Allowance of Appeal Denied Feb. 28, 1981.

Irving M. Portnoy, Pittsburgh, for appellant.

Leo M. Stepanian, Butler, for State Farm, appellee.

Richard L. McCandless, Butler, for Frank Terrell, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

SPAETH, Judge:

Appellant, the executrix of the estate of Mary D. Terrell, has filed two appeals in this court. Both appeals arise from a declaratory judgment proceeding brought by the decedent's insurer to determine the proper payee of benefits payable under the terms of the decedent's insurance policy. The appeals have been consolidated, and this opinion will dispose of both.

The first order from which appellant appeals holds that appellee, Mary Terrell's husband, is the proper payee. That order was entered by the clerk of the lower court on March 27, 1979.[1] Appellant, however, did not file her notice of appeal in the lower court until Friday, April 27, 1979. Appellant claims in her brief that her appeal was taken two days earlier on April 25, but she is mistaken. At the time of appellant's filing, Pa.R.A.P. 905(a) provided:

> The notice of appeal shall be filed with the clerk of the lower court. Upon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket.[2]

---

1. Although the lower court's order is dated March 26, 1979, it was not "entered" until March 27, the day the clerk gave notice of the entry of the order to the parties and made a proper notation in the docket. *Yeaple v. Yeaple*, 485 Pa. 399, 402 A.2d 1022 (1979); Pa.R. A.P. 108(b); Pa.R.C.P. 236.

2. Pa.R.A.P. 905(a), was subsequently amended and now provides: Two copies of the notice of appeal ... shall be filed with the clerk of the lower court. Upon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket.

The date stamped by the clerk of the lower court on the notice of appeal and the date of appeal that appears in the docket is April 27, 1979.

Under Pa.R.A.P. 903(a), appellant had thirty days from the entry of the March 27 order in which to file notice of appeal. Neither the lower court nor this court may enlarge the time for the filing of this notice. Pa.R.A.P. 105(b);[3] see *Washington v. Liberi*, 273 Pa.Super. 48, 416 A.2d 1082 (1979). Furthermore, since our jurisdiction to hear the appeal is predicated upon the timely filing of the notice of appeal, this court is required to raise the untimeliness of an appeal *sua sponte*. *Commonwealth v. Gottshalk*, 276 Pa.Super. 102, 419 A.2d 115 (1980); *Commonwealth v. Dorman*, 272 Pa.Super. 149, 414 A.2d 713 (1979); 42 Pa.C. S.A. § 704(b)(1) (1979 Pamphlet); Pa.R.A.P. No. 741(b)(1).

In determining whether appellant's appeal is timely, we must exclude from our computations the date the lower court's order was entered, but include the final day of the thirty day period. 1 Pa.C.S.A. § 1908 (Supp. Pamphlet 1964–78). Because appellant did not file notice of appeal until the thirty–first day after the entry of the lower court's order, her appeal from that order is untimely and must be quashed. *Commonwealth v. Thompson*, 277 Pa.Super. 267, 419 A.2d 765 (1980); *In re Gorham*, 272 Pa.Super. 145, 414 A.2d 712 (1979); *Fingles v. Green*, 269 Pa.Super. 131, 409 A.2d 99 (1979); *Commonwealth v. Wilkinson*, 260 Pa.Super. 77, 393 A.2d 1020 (1978); *Provident National Bank v. Rooklin*, 250 Pa.Super. 194, 378 A.2d 893 (1977).

We recognize the showing in the record that on April 25, 1979, appellant docketed her appeal with the prothonotary of this court pursuant to Pa.R.A.P. No. 907(a).[4]

3. Pa.R.A.P. No. 105(b) provides:
    *Enlargement of time.* An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review.

4. At the time of appellant's filing, Pa.R.A.P. No. 907(a) provided:

This docketing, however, neither constituted the taking of an appeal under Pa.R.A.P. Nos. 902, 903(a), and 905(a),[5] nor excused the tardy filing of the notice of appeal in the lower court. The Note to Pa.R.A.P. No. 902 lists the purposes served by the filing requirement, as follows:

The new procedure has a number of advantages: (1) the taking of the appeal is more certain in counties other than Dauphin, Philadelphia and Pittsburgh, because the appellant may toll the time for appeal by filing the notice of appeal in his local court house thereby eliminating the time lost in transmission of the appeal by mail; (2) the initial filing in the lower court raises an immediate caveat on the record before irreversible or undesirable action is taken on the faith of the judgment appealed from; (3) the immediate recording of the appeal below will simplify criminal appeal matters, e. g. by avoiding in certain cases the unnecessary holding and transfer of defendants between sentencing and perfecting an appeal; (4) the new procedure necessarily eliminates the "trap" of failure to perfect an appeal, since the notice of appeal is self–perfecting; and (5) the paper work of all parties and the appellate prothonotary is significantly reduced, since the preparation of the writ of certiorari and certain other papers is eliminated.

*(a) Transmission of papers to appellate prothonotary.* Concurrently with the filing of the notice of appeal under Rule 905 (filing of notice of appeal), the appellant shall transmit to the prothonotary of the appellate court named in the notice of appeal:
(1) A copy of the notice of appeal.
(2) Proof of service required by Rule 906 (service of notice of appeal).
(3) The docketing fee required by Subdivision (c) of this rule, if any.

5. Pa.R.A.P. No. 902 provides:
An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal). Failure of an appellant to take any step other than the *timely filing of a notice of appeal does not affect the validity of the* appeal, but it is grounds only for such action as the appellate court deems appropriate, which may include dismissal of the appeal.

The second of these purposes ("the initial filing in the lower court raises an immediate caveat on the record before irreversible or undesirable action is taken on the faith of the judgment appealed from") would be frustrated were an appeal allowed merely on the basis of its docketing in this court, for persons interested in the trial court's judgment would no longer be able to rely on the trial court's docket in ascertaining whether an appeal had been taken from the judgment. Rather, this information would not be known until the dockets of both the trial court and this court were examined. Indeed, in checking this court's docket, one would have to check with each of our prothonotary's three offices (located in Pittsburgh, Harrisburg and Philadelphia) in order to be certain that the appeal had not been docketed in the wrong office, and also with those of the Commonwealth and Supreme Courts, since the erroneous filing of an appeal in an appellate court without subject–matter jurisdiction over the appeal is not fatal to the appellant's right to maintain the appeal. See 42 Pa.C.S.A. §§ 704, 5103(a) (1979 Pamphlet); Pa.R.A.P. Nos. 741, 751.[6]

■ Even if we were persuaded that the purposes served by the requirement of timely filing in the lower court of notice of appeal would not be frustrated by allowance of appeal in the present case, we should not be at liberty to grant allowance. While Pa.R.A.P. No. 105(a) provides that

6. It may be noted that the present case is the converse of the situation envisioned in the first purpose stated in the Note to Pa.R.A.P. No. 902 ("the taking of the appeal is more certain in counties other than Dauphin, Philadelphia and Pittsburgh because the appellant may toll the time for appeal by filing the notice of appeal in his local court house thereby eliminating the time lost in transmission of the appeal by mail"). This case was filed in the Court of Common Pleas of Butler County. Appellant, however, was represented in the lower court and on appeal by Pittsburgh counsel. The certificate of service attached to the notice of appeal states that on April 25, 1979, counsel mailed the notice of appeal first class to the prothonotary of the lower court. As noted, the notice was not received until April 27, after the time for filing had elapsed. Counsel, however, cannot complain of the two–day mailing delay of the notice as it could be expected. Nor may counsel justifiably plead ignorance of the filing requirements in Pa.R.A.P. Nos. 902 and 903, or the sanctions for late filing contained in Pa.R.A.P. No. 105. These rules have been in effect since the abrogation of the Superior Court Rules on July 1, 1976.

the rules of appellate procedure "shall be liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable," the rules clearly except the requirement of timely filing of notice of appeal from the principle of substantial compliance.[7] Further, it cannot be successfully contended that timely filing occurred because a copy of the notice of appeal was filed with the prothonotary of this court when appellant docketed her appeal on April 25. Timely filing means filing at the designated place within the designated time. *Cf. Heights v. Citizens National Bank*, 463 Pa. 48, 55, 342 A.2d 738, 741 (1975) (security interest in personal property not perfected until financing statement is filed in offices designated by Uniform Commercial Code).

■ The second order from which appellant appeals was entered on June 12, 1979. The order granted appellee's motion that the clerk of the lower court be directed to pay him the $10,000 fund that had been previously paid into the court by the decedent's insurer. Appellee's motion alleged that the fund should be paid him because of the lower court's prior determination on March 27 that he was entitled to the fund. Appellant filed a timely notice of appeal from

---

7. *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979), is not contrary to our holding that the appeal here must be quashed. In *Bass*, the Supreme Court allowed the filing of a late appeal that was caused by the illness of the secretary of appellant's counsel. The Court, however, reaffirmed the rule that

> the time for taking an appeal cannot be extended as a matter of grace or mere indulgence. *West Penn Power Co. v. Goddard*, 460 Pa. 551, 333 A.2d 909 (1975); *Dixon Estate*, 443 Pa. 303, 279 A.2d 39 (1971). Furthermore, we have previously limited the extension of the time of filing an appeal to cases where "there is fraud or some breakdown in the court's operation." *West Penn Power Co. v. Goddard*, 460 Pa. 551, 556, 333 A.2d 909, 912 (1975).

> The negligence of an appellant, or an appellant's counsel, or an agent of appellant's counsel, has not been considered a sufficient excuse for the failure to file a timely appeal.

> In this case, however, we are presented with a non-negligent failure to file a timely appeal after the client had made a decision to appeal.

485 Pa. at 259, 401 A.2d at 1135. There is no indication in the record that the late filing here was caused by non-negligent happenstance.

this order on June 18, 1979.  She now argues that the order was improper because her prior appeal on April 27 acted as an automatic supersedeas in her favor.  Pa.R.A.P. No. 1736(b).  We need not consider the merits of this argument. It is apparent that having found that appellant's April 27 appeal was untimely, we cannot grant appellant relief even if her argument were meritorious.  Hence the appeal is moot.  *See generally In re Gross,* 476 Pa. 203, 382 A.2d 116 (1978);  *Commonwealth ex rel. Watson v. Montone,* 227 Pa.Super. 541, 323 A.2d 763 (1974).

The appeals at Nos. 395 and 556 April Term 1979 are quashed.