**First United Mortgage Services v. Lower**

328

*William A. Duncan,* for plaintiff.
*Jeannine Turgeon,* for defendants.

BAYLEY, *J.,* December 3,1990 1990—The facts in this case are not in dispute.* On June 28, 1990, plaintiff, First United Mortgage Services, filed a civil complaint before a district justice against defendants, C. Thomas Lower and Linda Lower. Following a hearing on August 14, 1990, at which both parties appeared and presented evidence, the district justice, on August 16, 1990, found in favor of plaintiff in the amount of $1113.50.

Defendants filed a notice of appeal from the judgment on September 18, 1990, 31 days after it was entered by the district justice. Rule 1002 of Pennsylvania appellate proceedings with respect to judgments and other decisions of district justices in civil matters provides:

"A party aggrieved by a judgment may appeal therefrom within 30 days after the date of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the state court administrator."

Defendants maintain that their appeal, filed one day late which caused no prejudice to plaintiff, should not be stricken. We are without authority to extend the time period to file an appeal on the facts of this case. *State Farm Mutual Automobile Insur-*

---

* Procedurally, under Pennsylvania Rule of Civil Procedure 209, plaintiff obtained a rule to show cause that defendants answered. Plaintiff then moved the cause for disposition without depositions.

*ance Co. v. Schultz,* 281 Pa. Super. 212, 421 A.2d 1224 (1980). While we have recognized in *Berry v. Sheaffer* (1646 Civil 1986, order dated January 20, 1987, opinion unpublished), that the liberal construction required by Pennsylvania Rule of Civil Procedure 126 should be applied to instances where no prejudice has resulted in the failure to comply with the time requirements of Pa.R.C.P.D.J. 1005(B), relating to the filing of proofs of service, we are not aware of any authority where relief is warranted for inadvertence in failing to file a timely appeal to a court of common pleas from a final order of a district justice. Accordingly, the following order is entered.

## ORDER OF COURT

And now, December 3, 1990, the rule to show cause issued against defendants on October 5, 1990, is made absolute. The appeal of defendants herein is dismissed. The prothonotary is directed to enter judgment in accordance with the order of District Justice Farner dated August 16, 1990.