**Rule 905.  Filing of Notice of Appeal.**

(a)     *Filing with clerk.*

(1)     Two copies of the notice of appeal, the order for transcript, if any, and the proof of service required by **[Rule] Pa.R.A.P**. 906 **[(service of notice of appeal)]**, shall be filed with the clerk of the trial court.  If the appeal is to the Supreme Court, the jurisdictional statement required by **[Rule] Pa.R.A.P.** 909 shall also be filed with the clerk of the trial court.

(2)     If the appeal is a children's fast track appeal, **[the] a** concise statement of errors complained of on appeal as described in **[Rule] Pa.R.A.P.** 1925(a)(2) shall be filed with the notice of appeal and served **on the trial judge** in accordance with **[Rule 1925(b)(1)] Pa.R.A.P. 906(a)(2)**.

(3)     Upon receipt of the notice of appeal, the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket.

(4)     If a notice of appeal is mistakenly filed in an appellate court, or is otherwise filed in an incorrect office within the unified judicial system, the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from, and upon payment of an additional filing fee the notice of appeal shall be deemed filed in the trial court on the date originally filed.

(5)     A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.

(b)     *Transmission to appellate court.*—The clerk shall immediately transmit to the prothonotary of the appellate court named in the notice of appeal a copy of the notice of appeal **[showing the date of receipt, the related proof of service]** and **all attachments, as well as** a receipt showing collection of any docketing fee in the appellate court required under **[Subdivision] paragraph** (c).  If the appeal is a children's fast track appeal, the clerk shall stamp the notice of appeal with a ''Children's Fast Track'' designation in red ink, advising the appellate court that the appeal is a children's fast track appeal, and **the clerk** shall **also** transmit to the prothonotary of the appellate court named in the notice of appeal the concise statement of errors complained of on appeal required by **[Subdivision] subparagraph** (a)(2) of this rule.  The clerk shall also transmit with such papers:

1.	**[a copy of any order for transcript] <u>copies of all orders for transcripts relating to orders on appeal</u>**;

2.	a copy of any verified statement, application**,** or other document filed under **[Rule 551 through Rule 561] <u>Pa.R.A.P. 551-561</u>** relating to **[in forma pauperis]** *<u>in forma pauperis</u>*; and

3.	if the appeal is to the Supreme Court, the jurisdictional statement required by **[Rule] <u>Pa.R.A.P.</u>** 909.

(c)	*Fees.***—**The appellant upon filing the notice of appeal shall pay any fees therefor (including docketing fees in the appellate court) prescribed by Chapter 27 **[(fees and costs in appellate courts and on appeal)]**.

**Official Note:**

**[Insofar as the clerk or prothonotary of the lower court is concerned, the notice of appeal is for all intents and purposes a writ in the nature of certiorari in the usual form issued out of the appellate court named therein and returnable thereto within the time prescribed by Chapter 19 (preparation and transmission of record and related matters)].**

To preserve a mailing date as the filing date for an appeal as of right from an order of the Commonwealth Court, **[see Rule] <u>see Pa.R.A.P.</u>** 1101(b).

As to number of copies, **[see note to Rule 124 (form of papers; number of copies)] <u>see Pa.R.A.P. 124, note</u>**.  The appellate court portion of the filing fee will be transmitted pursuant to regulations adopted under 42 Pa.C.S. § 3502 **[(financial regulations)]**.

**[Pending adoption of such rules the subject is regulated by Paragraph 4 of the Order amending this rule, which provides as follows:**

**"4.	Pending adoption of initial regulations under 42 Pa.C.S. § 3502 (financial regulations), the docketing fee (currently $12 in the Supreme Court and the Superior Court and $25 in the Commonwealth Court) paid through the clerk or prothonotary of the lower court pursuant to Rule 905(c) (fees) of the Pennsylvania Rules of Appellate Procedure shall be transmitted as follows:**

**(a)	If the docketing fee is tendered by check payable to the appellate prothonotary, the clerk or prothonotary of the lower court shall transmit the check pursuant to Rule 905(b).**

(b)     If the docketing fee is tendered by check payable to the clerk or prothonotary of the lower court he or she shall endorse it without recourse to the appropriate appellate prothonotary and transmit the check pursuant to Rule 905(b).

(c)     If the docketing fee is tendered in cash the clerk or prothonotary of the lower court shall draw a check in like amount on the account of such clerk or prothonotary to the order of the appropriate appellate prothonotary and transmit the check pursuant to Rule 905(b).

(d)     In matters arising under 42 Pa.C.S. § 723 (appeals from the Commonwealth Court), the appellant shall tender the docketing fee in the Supreme Court to the Prothonotary of the Commonwealth Court by check payable to the order of the Prothonotary of the Supreme Court, which shall be transmitted pursuant to Rule 905(b)."]

[The better practice will be to pay the fee for filing the notice of appeal in the lower court and the docketing fee in the appellate court by separate checks payable to the respective clerks or prothonotaries]

[The 1982 amendment to Subdivision (a) corrects deficiencies in previous practice which were illustrated in *State Farm Mutual Auto. Ins. Co. v. Schultz*, 281 Pa. Super. 212, 421 A.2d 1224 (1980).]

**Rule 1922. Transcription of Notes of Testimony.**

(a)     [*General Rule.*--Upon receipt of the order for transcript and any required deposit to secure the payment of transcript fees the official court reporter shall proceed to have his notes transcribed, and not later than 14 days after receipt of such order and any required deposit shall lodge the transcript (with proof of service of notice of such lodgment on all parties to the matter) with the clerk of the trial court. Such notice by the court reporter shall state that if no objections are made to the text of the transcript within five days after such notice, the transcript will become a part of the record. If objections are made the difference shall be submitted to and settled by the trial court. The trial court or the appellate court may on application or upon its own motion shorten the time prescribed in this subdivision.] *Request for Transcripts.*—An appellant may file a request for transcripts under Pennsylvania Rule of Judicial Administration 4007 prior to or concurrent with the notice of appeal.  If a deposit is required, the appellant shall make the deposit at the time of the request for the transcript unless the appellant is requesting a waiver of the cost because of economic hardship.  Unless another Rule of Appellate Procedure provides a shorter time, the court reporter shall provide the trial judge with the transcript within 14 days of the request for transcript.   When the appellant receives notice under Rule of Judicial Administration 4007(D)(3) that the transcript has been prepared, the appellant has 14 days to pay the final balance in compliance with that rule.

(b)     [*Diminution of transcription.*

(1)     In civil cases, an application for an order providing that less than the entire proceedings shall be transcribed may be made to the trial court by any party within two days after the order for transcript is filed.  A party shall have the right to require that any specified part of the notes of testimony or recordings be transcribed, subject to the applicable requirements for the payment of transcript fees.

(2)     In criminal cases, diminution of transcription shall be in accordance with Rule 115 of the Pennsylvania Rules of Criminal Procedure (recording and transcribing court proceedings).

(3)     In any case, untranscribed notes or recordings shall not be part of the record on appeal for any purpose.] *Filing of the Transcript.*—When the transcript is delivered to the filing office and the parties under Rule of Judicial Administration 4007(D)(4), the transcript shall be entered on the docket.

4

(c)     **[*Certification and filing.*—The trial judge shall examine any part of the transcript as to which an objection is made pursuant to subdivision (a) of this rule or which contains the charge to the jury in a criminal proceeding, and may examine any other part of the transcript, and after such examination and notice to the parties and opportunity for objection (unless previously given) shall correct such transcript. If the trial judge examines any portion of the transcript, he shall certify thereon, by reference to the page and line numbers or the equivalent, which portions thereof he has read and corrected. If no objections are filed to the transcript as lodged, or after any differences have been settled or other corrections have been made by the court, the official court reporter shall certify the transcript, and cause it to be filed with the clerk of the lower court.]** *Corrections to Transcript.*—If a transcript contains an error or is an incomplete representation of the proceedings, the omission or misstatement may be corrected by the following means:

**(1)     By objection.  A party may file a written objection to the filed transcript.  Any party may answer the objection.  The trial court shall resolve the objections and then direct that the transcript as corrected be made a part of the record and transmitted to the appellate court.**

**(2)     By stipulation of the parties filed in the trial court.  If the trial court clerk has already certified the record, the parties shall file in the appellate court a copy of any stipulation filed pursuant to this rule, and the trial court shall direct that the transcript as corrected be made a part of the record and transmitted to the appellate court.**

**(3)     By the trial court or, if the record has already been transmitted to the appellate court, by the appellate court or trial court on remand, with notice to all parties and an opportunity to respond.**

(d)     *Emergency appeals.*—Where the exigency of the case is such as to impel immediate consideration in the appellate court, the trial judge shall take all action necessary to expedite the preparation and transmission of the record notwithstanding the usual procedures prescribed in this chapter **or in the Rules of Judicial Administration. [Pending action by the lower court under this subdivision any party may proceed in the appellate court under Rule 1923 (statement in absence of transcript) and may append to any filing in the appellate court as much of the record below as the party desires to bring to the attention of the appellate court.]**

**Official Note:   [Based in part upon former Supreme Court Rule 56, former Superior Court Rule 46, and former Commonwealth Court Rule 25 and the act of May 11, 1911 (P. L. 279, No. 179), § 4 (12 P. S. § 1199). The 14 day requirement is designed to fix an objective standard to guide the official court reporter and the lower court,**

so as to permit the settling of any objections by the lower court and the physical preparation and transmission by the clerk of the record within the 40 day period fixed by Rule 1931 (transmission of the record).  Although under these rules a writ of certiorari is no longer issued, the requirements of these rules have the effect of a Supreme Court order, and the lower court is expected to give the transcription of notes of testimony under this rule priority over unappealed matters in the lower court.

The certification requirement of subdivision (c) recognizes that in practice the trial judge ordinarily will not actually read the transcript prior to certification unless objection is made by one of the parties. However, the rule requires the judge to review and correct the charge in criminal cases, to avoid the problems which arise when a later attempt is made by the trial judge under Rule 1926 (correction and modification of the record) to conform the transcript to his recollection of events.] **Depending on the order issued by the trial court, a party may wish to seek appellate review of an order under paragraph (c) by application or in the merits brief.  The 2017 amendments addressed changes in the Rules of Judicial Administration.  In addition, the amendment eliminated time limits for objections to or requests for correction of the transcript.   An objection to a transcript must be raised if, for example, a critical portion of the proceedings was not transcribed.**

**Rule 1925. Opinion in Support of Order.**

(a)    *Opinion in support of order.*

(1)    *General rule.*—Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall **[forthwith] within the period set forth in Pa.R.A.P. 1931(a)(1)** file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

If the case appealed involves a ruling issued by a judge who was not the judge entering the order giving rise to the notice of appeal, the judge entering the order giving rise to the notice of appeal may request that the judge who made the earlier ruling provide an opinion to be filed in accordance with the standards above to explain the reasons for that ruling.

(2)    *Children's fast track appeals.*—In a children's fast track appeal:

(i)    The concise statement of errors complained of on appeal shall be filed and served with the notice of appeal **[required by Rule 905**. *See* **Pa.R.A.P. 905(a)(2)]**.

(ii)    Upon receipt of the notice of appeal and the concise statement of errors complained of on appeal required by **[Rule] Pa.R.A.P.** 905(a)(2), the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall within 30 days file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, which may, but need not, refer to the transcript of the proceedings.

(3)    *Appeals arising under the Pennsylvania Code of Military Justice.*— In an appeal arising under the Pennsylvania Code of Military Justice, the concise statement of errors complained of on appeal shall be filed and served with the notice of appeal.  *See* Pa.R.A.P. 4004(b).

(b)    *Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.*—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

(1)    *Filing and service.*—**The [A]a**ppellant shall file of record the Statement and concurrently **s**hall serve the judge.  Filing of record **shall be [and service on the judge shall be in person or by mail]** as provided in Pa.R.A.P. 121(a) and**, if mail is used,** shall be complete on mailing if **the** appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c).  **Service on the judge shall be at the location specified in the order, and shall be either in person, by mail, or by any other means specified in the order.**  Service on the parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

(2)    *Time for filing and service.*—

    **(i)**  The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed.  Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal.  In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

    **(ii)  If a party has ordered but not received a transcript necessary to develop the Statement, that party may request an extension of the deadline to file the Statement until 21 days following the date of entry on the docket of the transcript in accordance with Pa.R.A.P. 1922(b).  The party must attach the transcript purchase order to the motion for the extension.  If the motion is filed at least five days before the Statement is due but the trial court does not rule on the motion prior to the original due date, the motion will be deemed to have been granted.**

(3)    *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:

    (i)    the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

    (ii)    that the Statement shall be filed of record;

8

(iii)    that the Statement shall be served on the judge pursuant to paragraph (b)(1)**[;]** **and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement.  In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and**

(iv)    that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

(4)    *Requirements; waiver.*

(i)    The Statement shall set forth only those **[rulings or]** errors that the appellant intends to **[challenge]** <u>assert</u>.

(ii)    The Statement shall concisely identify each **[ruling or]** error that the appellant intends to **[challenge]** <u>assert</u> with sufficient detail to identify **[all pertinent issues]** <u>the issue to be raised</u> for the judge.  The judge shall not require the citation to authorities **or the record**; however, appellant may choose to include pertinent authorities **and record citations** in the Statement.

(iii)    The judge shall not require **[appellant or appellee]** <u>any party</u> to file a brief, memorandum of law, or response as part of or in conjunction with the Statement.

(iv)    The Statement should not be redundant or provide lengthy explanations as to any error.  Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.

(v)    Each error identified in the Statement will be deemed to include every subsidiary issue **[contained therein which]** <u>that</u> was raised in the trial court; this provision does not in any way limit the obligation of a criminal appellant to delineate clearly the scope of claimed constitutional errors on appeal.

(vi)    If the appellant in a civil case cannot readily discern the basis for the judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors in only general terms. In such a case, the generality of the Statement will not be grounds for finding waiver.

(vii)   Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

(c)   *Remand.*

(1)   An appellate court may remand in either a civil or criminal case for a determination as to whether a Statement had been filed and/or served or timely filed and/or served.

(2)   Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing **[nunc pro tunc]** *nunc pro tunc* of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion. **If an appellant has a statutory or rule-based right to counsel, good cause shown includes a failure by counsel to file a Statement timely or at all.**

(3)   If an appellant **represented by counsel** in a criminal case was ordered to file a Statement and failed to do so **or filed an untimely Statement**, such that the appellate court is convinced that counsel has been **[per se]** *per se* ineffective, **and the trial court did not file an opinion,** the appellate court **[shall] may** remand for **appointment of new counsel,** the filing of a Statement **[nunc pro tunc]** *nunc pro tunc,* and **[for]** the preparation and filing of an opinion by the judge.

(4)   In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an *Anders/[McClendon] Santiago* brief in lieu of filing a Statement. If, upon review of the *Anders/[McClendon] Santiago* brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to **[Rule] Pa.R.A.P.** 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

(d)   *Opinions in matters on petition for allowance of appeal.*—Upon receipt of notice of the filing of a petition for allowance of appeal under **[Rule] Pa.R.A.P.** 1112(c) (appeals by allowance), the appellate court **[below which] that** entered the order sought to be reviewed, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order.

10

**Official Note:**

**[Subdivision]** **Paragraph** (a)**:** The 2007 amendments clarif**[y]ied** that a judge whose order gave rise to the notice of appeal may ask a prior judge who made a ruling in question for the reasons for that judge's decision. In such cases, more than one judge may issue separate **[Rule]** **Pa.R.A.P.** 1925(a) opinions for a single case. It may be particularly important for a judge to author a separate opinion if credibility was at issue in the pretrial ruling in question. **[See, e.g.]** *See, e.g.*, *Commonwealth v. Yogel*, **[307 Pa. Super. 241, 243-44,]** 453 A.2d 15, 16 (**Pa. Super.** 1982). At the same time, the basis for some pre-trial rulings will be clear from the order and/or opinion issued by the judge at the time the ruling was made, and there will then be no reason to seek a separate opinion from that judge under this rule. **[See, e.g.]** *See, e.g.*, Pa.R.Crim.P. 581(I). Likewise, there will be times when the prior judge may explain the ruling to the judge whose order has given rise to the notice of appeal in sufficient detail that there will be only one opinion under **[Rule]** **Pa.R.A.P.** 1925(a), even though there are multiple rulings at issue. The time period for transmission of the record is specified in Pa.R.A.P. 1931**[, and that rule was concurrently amended to expand the time period for the preparation of the opinion and transmission of the record]**.

**[Subdivision]** **Paragraph** (b)**:** This **[subdivision]** **paragraph** permits the judge whose order gave rise to the notice of appeal ("judge") to ask for a statement of errors complained of on appeal ("Statement") if the record is inadequate and the judge needs to clarify the errors complained of. The term "errors" is meant to encourage appellants to use the Statement as an opportunity to winnow the issues, recognizing that they will ultimately need to be refined to a statement that will comply with the requirements of Pa.R.A.P. 2116. Nonetheless, the term "errors" is intended in this context to be expansive, and it encompasses all of the reasons the trial court should not have reached its decision or judgment, including, for example, those that may not have been decisions of the judge, such as challenges to jurisdiction.

**[P]Subp**aragraph (b)(1)**:** This **sub**paragraph maintains the requirement that the Statement be both filed of record in the trial court and served on the judge. Service on the judge may be accomplished by mail**, [or]** by personal service**, or by any other means set forth by the judge in the order**. The date of mailing will be considered the date of filing **[and of service upon the judge]** only if counsel obtains a United States Postal Service form from which the date of mailing can be verified, as specified in Pa.R.A.P. 1112(c). Counsel is advised **both when filing and when serving the trial judge** to retain date-stamped copies of **[the]** postal forms (or **other proofs of timely service [pleadings if served by hand]**), in case questions **of waiver** arise later**, to demonstrate [as to whether] that** the Statement was timely filed or served on the judge. **This subparagraph was amended in 2019 to permit the increasingly frequent preference of judges to receive electronic or facsimile copies of filings.**

11

**[P]Subp**aragraph (b)(2)**:** This **sub**paragraph extends the time period for drafting the Statement from 14 days to at least 21 days, with the trial court permitted to enlarge the time period or to allow the filing of an amended or supplemental Statement upon good cause shown. In *Commonwealth v. Mitchell*, **[588 Pa. 19, 41,]** 902 A.2d 430, 444 (**Pa.** 2006), the Court expressly observed that a Statement filed ''after several extensions of time'' was timely. An enlargement of time upon timely application might be warranted if, for example, there was a serious delay in the transcription of the notes of testimony or in the delivery of the order to appellate counsel. **The 2019 amendments to the rule provided the opportunity to obtain an extension of time to file the Statement until 21 days after the transcript is filed pursuant to Pa.R.A.P. 1922(b). The appellant may file a motion for an extension of time, which, if filed in accordance with the rule, will be deemed granted if not expressly denied before the Statement is due.**

A trial court should **also** enlarge the time or allow for an amended or supplemental Statement when new counsel is retained or appointed. A supplemental Statement may also be appropriate when the ruling challenged was so non-specific—**[e.g.]** *e.g.*, "Motion Denied"—that counsel could not be sufficiently definite in the initial Statement.

In general, **[nunc pro tunc]** *nunc pro tunc* relief is allowed only when there has been a breakdown in the process constituting extraordinary circumstances. **[See, e.g.]** *See, e.g.*, *In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election*, **[577 Pa. 231, 248-49,]** 843 A.2d 1223, 1234 (**Pa.** 2004) ("We have held that fraud or the wrongful or negligent act of a court official may be a proper reason for holding that a statutory appeal period does not run and that the wrong may be corrected by means of a petition filed **[nunc pro tunc]** *nunc pro tunc*.") Courts have also allowed **[nunc pro tunc]** *nunc pro tunc* relief when "non-negligent circumstances, either as they relate to appellant or his counsel" occasion delay. *McKeown v. Bailey*, 731 A.2d 628, 630 (Pa. Super. 1999). However, even when there is a breakdown in the process, the appellant must attempt to remedy it within a "very short duration" of time. **[Id.]** *Id.* **[;** *Amicone v. Rok,* **839 A.2d 1109, 1113 (Pa. Super. 2003) (recognizing a breakdown in process, but finding the delay too long to justify nunc pro tunc relief).]**

**[P]Subp**aragraph (b)(3)**:** This **sub**paragraph specifies what the judge must advise appellants when ordering a Statement.

**[P]Subp**aragraph (b)(4)**:** This **sub**paragraph sets forth the parameters for the Statement and explains what constitutes waiver. It should help counsel to comply with the concise-yet-sufficiently-detailed requirement and avoid waiver under either *Lineberger v. Wyeth*, 894 A.2d 141, 148-49 (Pa. Super. 2006) or *Kanter v. Epstein*, 866 A.2d 394, 400-03 (Pa. Super. 2004), allowance of appeal denied, **[584 Pa. 678,]** 880 A.2d 1239 (**Pa.** 2005), cert. denied sub nom. *Spector Gadon & Rosen, P.C. v. Kanter*, 546 U.S. 1092 (2006). The paragraph explains that the Statement should be sufficiently specific to allow the judge to draft the opinion required under **Pa.R.A.P.** 1925(a), and it provides that the number of

issues alone will not constitute waiver—so long as the issues set forth are non-redundant and non-frivolous.  It allows appellants to rely on the fact that subsidiary issues will be deemed included if the overarching issue is identified and if all of the issues have been properly preserved in the trial court.  This provision has been taken from the United States Supreme Court rules.  **[See]** *See* Sup. Ct. R. 14(1).  This **sub**paragraph does not in any way excuse the responsibility of an appellant who is raising claims of constitutional error to raise those claims with the requisite degree of specificity.  This **sub**paragraph also allows—but does not require—an appellant to state the authority upon which the appellant challenges the ruling in question**[, but it expressly recognizes that a Statement is not a brief and that an appellant shall not file a brief with the Statement.  This paragraph also recognizes that there may be times that a civil appellant cannot be specific in the Statement because of the non-specificity of the ruling complained of on appeal.  In such instances, civil appellants may seek leave to file a supplemental Statement to clarify their position in response to the judge's more specific Rule 1925(a) opinion]** <u>**and to identify the place in the record where the basis for the challenge may be found**</u>.

<u>**Neither the number of issues raised nor the length of the Statement alone is enough to find that a Statement is vague or non-concise enough to constitute waiver.  *See Astorino v. New Jersey Transit Corp.*, 912 A.2d 308, 309 (Pa. Super. 2006).  The more carefully the appellant frames the Statement, the more likely it will be that the judge will be able to articulate the rationale underlying the decision and provide a basis for counsel to determine the advisability of raising that issue on appeal.  Thus, counsel should begin the winnowing process when preparing the Statement and should articulate specific errors with which the appellant takes issue and why.  Nothing in the rule requires an appellant to articulate the arguments within a Statement.  It is enough for an appellant—except where constitutional error must be raised with greater specificity—to have identified the rulings and issues in regard to which the trial court is alleged to have erred.**</u>

**[Subdivision]** <u>**Paragraph**</u> (c)**:**  The appellate courts have the right under the Judicial Code to "affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances."  42 Pa.C.S. § 706.  **[The following additions to the rule are based upon this statutory authorization.]**

**[P]**<u>**Subp**</u>aragraph (c)(1)**:**  This **sub**paragraph applies to both civil and criminal cases and allows an appellate court to seek additional information—whether by supplementation of the record or additional briefing—if it is not apparent whether an initial or supplemental Statement was filed and/or served or timely filed and/or served.

**[P]Subp**aragraph (c)(2)**:**  This **sub**paragraph allows an appellate court to remand a civil case to allow an initial, amended, or supplemental Statement and/or a supplemental opinion.  **[See also]***See also* 42 Pa.C.S. § 706.  **In 2019, the rule was amended to clarify that for those civil appellants who have a statutory or rules-based right to counsel (such as appellants in post-conviction relief, juvenile, parental termination, or civil commitment proceedings) good cause includes a failure of counsel to file a Statement or a timely Statement.**

**[P]Subp**aragraph (c)(3)**:**  This **sub**paragraph allows an appellate court to remand in criminal cases only when **[the] an** appellant**, who is represented by counsel,** has completely failed to respond to an order to file a Statement **or has failed to do so timely**. It is thus narrower than **subparagraph** (c)(2)**.[, above.  Prior to these amendments of this rule, the appeal was quashed if no timely Statement was filed or served; however, because the failure to file and serve a timely Statement is a failure to perfect the appeal, it is presumptively prejudicial and "clear" ineffectiveness.  See, e.g.]** *See, e.g.***,** *Commonwealth v. Burton***, 973 A.2d 428, 431 (Pa. Super. 2009);** *Commonwealth v. Halley*, **[582 Pa. 164, 172,]** 870 A.2d 795, 801 (**Pa.** 2005); *Commonwealth v. West*, 883 A.2d 654, 657 (Pa. Super. 2005)**.** *Per se* **ineffectiveness applies in all circumstances in which an appeal is completely foreclosed by counsel's actions, but not in circumstances in which the actions narrow or serve to foreclose the appeal in part.** *Commonwealth v. Rosado***, 150 A.3d 425, 433-35 (Pa. 2016).** *Pro se* **appellants are excluded from this exception to the waiver doctrine as set forth in** *Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998).**

Direct appeal rights have typically been restored through a post-conviction relief process, but when the ineffectiveness is apparent and **[per se]** *per se*, the court in *West* recognized that the more effective way to resolve such **[per se]** *per se* ineffectiveness is to remand for the filing of a Statement and opinion.  **[See]** *See West*, 883 A.2d at 657**;** *see also Burton* **(late filing of Statement is** *per se* **ineffective assistance of counsel)**. The procedure set forth in *West* is codified in **sub**paragraph (c)(3).  As the *West* court recognized, this rationale does not apply when waiver occurs due to the improper filing of a Statement.  In such circumstances, relief may occur only through the post-conviction relief process and only upon demonstration by the appellant that, but for the deficiency of counsel, it was reasonably probable that the appeal would have been successful.  An appellant must be able to identify **[per se]** *per se* ineffectiveness to secure a remand under this section, and any appellant who is able to demonstrate **[per se]** *per se* ineffectiveness is entitled to a remand.  Accordingly, this **sub**paragraph does not raise the concerns addressed in *Johnson v. Mississippi*, 486 U.S. 578, 588-89 (1988) (observing that where a rule has not been consistently or regularly applied, it is not—under federal law—an adequate and independent state ground for affirming petitioner's conviction.)

14

**[P]Subp**aragraph (c)(4)**:** This **sub**paragraph clarifies the special expectations and duties of a criminal lawyer. Even lawyers seeking to withdraw pursuant to the procedures set forth in *Anders v. California*, 386 U.S. 738 (1967) and **[*Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981)]** *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), are obligated to comply with all rules**.[, including the filing of a Statement. See *Commonwealth v. Myers*, 897 A.2d 493, 494-96 (Pa. Super. 2006); *Commonwealth v. Ladamus*, 896 A.2d 592, 594 (Pa. Super. 2006).]** However, because a lawyer will not file an *Anders/*[McClendon] *Santiago* brief without concluding that there are no non-frivolous issues to raise on appeal, this amendment allows a lawyer to file, in lieu of a Statement, a representation that no errors **[have been raised]** are asserted because the lawyer is (or intends to be) seeking to withdraw under *Anders/*[McClendon/]*Santiago*. At that point, the appellate court will reverse or remand for a supplemental Statement and/or opinion if it finds potentially non-frivolous issues during its constitutionally required review of the record.

**[Subdivision (d) was formerly (c). The text has not been revised, except to update the reference to Pa.R.A.P. 1112(c).**

**The 2007 amendments attempt to address the concerns of the bar raised by cases in which courts found waiver: (a) because the Statement was too vague; or (b) because the Statement was so repetitive and voluminous that it did not enable the judge to focus on the issues likely to be raised on appeal. See, e.g., *Lineberger v. Wyeth*, 894 A.2d 141, 148-49 (Pa. Super. 2006); *Kanter v. Epstein*, 866 A.2d 394, 400-03 (Pa. Super. 2004), allowance of appeal denied, 584 Pa. 678, 880 A.2d 1239 (2005), cert. denied sub nom. *Spector Gadon & Rosen, P.C. v. Kanter*, 546 U.S. 1092 (2006). Courts have also cautioned, however, "against being too quick to find waiver, claiming that Rule 1925(b) statements are either too vague or not specific enough." *Astorino v. New Jersey Transit Corp.*, 912 A.2d 308, 309 (Pa. Super. 2006).**

**While conciseness and vagueness are very case-specific inquiries, certain observations may be helpful. First, the Statement is only the first step in framing the issues to be raised on appeal, and the requirements of Pa.R.A.P. 2116 are even more stringent. Thus, the Statement should be viewed as an initial winnowing. Second, when appellate courts have been critical of sparse or vague Statements, they have not criticized the number of issues raised but the paucity of useful information contained in the Statement. Neither the number of issues raised nor the length of the Statement alone is enough to find that a Statement is vague or non-concise enough to constitute waiver. See *Astorino v. New Jersey Transit Corp.,* 912 A.2d 308, 309 (Pa. Super. 2006). The more carefully the appellant frames the Statement, the more likely it will be that the judge will be able to articulate the rationale underlying the decision and provide a basis for counsel to determine the advisability of appealing that issue. Thus, counsel should begin the winnowing process when preparing the Statement and should articulate specific rulings with**

which the appellant takes issue and why. Nothing in the rule requires an appellant to articulate the arguments within a Statement. It is enough for an appellant—except where constitutional error must be raised with greater specificity—to have identified the rulings and issues that comprise the putative trial court errors.]

**Rule 1931**. **Transmission of the Record.**

(a)    *Time for transmission.*

(1)    *General rule.*—Except as otherwise prescribed by this rule **or if an extension has been granted pursuant to Pa.R.A.P. 1925(b)(2)**, the record on appeal, including the transcript and exhibits necessary for the determination of the appeal, shall be transmitted to the appellate court within 60 days after the filing of the notice of appeal.  If an appeal has been allowed or if permission to appeal has been granted, the record shall be transmitted as provided by Pa.R.A.P. 1122 **[allowance of appeal and transmission of record)]** or by Pa.R.A.P. 1322 **[(permission to appeal and transmission of record)]**, as the case may be. The appellate court may shorten or extend the time prescribed by this **sub**paragraph for a class or classes of cases.

(2)    *Children's fast track appeals.*—In a children's fast track appeal, the record on appeal, including the transcript and exhibits necessary for the determination of the appeal, shall be transmitted to the appellate court within 30 days after the filing of the notice of appeal. If an appeal has been allowed or if permission to appeal has been granted, the record shall be transmitted as provided by Pa.R.A.P. 1122 **[allowance of appeal and transmission of record)]** or by Pa.R.A.P. 1322 **[(permission to appeal and transmission of record)]**, as the case may be.

(b)    *Duty of trial court.*—After a notice of appeal has been filed**,** the judge who entered the order appealed from shall comply with Pa.R.A.P. 1925 **[(opinion in support of order)]**, shall cause the official court reporter to comply with Pa.R.A.P. 1922 **[(transcription of notes of testimony)]** or shall otherwise settle a statement of the evidence or proceedings as prescribed by this chapter, and shall take any other action necessary to enable the clerk to assemble and transmit the record as prescribed by this rule.

(c)    *Duty of clerk to transmit the record.*—When the record is complete for purposes of the appeal, the clerk of the **[lower]** **trial** court shall transmit it to the prothonotary of the appellate court.  The clerk of the **[lower]** **trial** court shall number the documents comprising the record and shall transmit with the record a list of the documents correspondingly numbered and identified with sufficient specificity to allow the parties on appeal to identify each document and whether it is marked as confidential, so as to determine whether the record on appeal is complete.  Any Confidential Information Forms and the "Unredacted Version" of any pleadings, documents, or other legal papers where a "Redacted Version" was also filed shall be separated either physically or electronically and transmitted to the appellate court.  Whatever is confidential shall be labeled as such.  If any case records or documents were sealed in the lower court, the

17

list of documents comprising the record shall specifically identify such records or documents as having been sealed in the lower court. Documents of unusual bulk or weight and physical exhibits other than documents shall not be transmitted by the clerk unless he or she is directed to do so by a party or by the prothonotary of the appellate court. A party must make advance arrangements with the clerk for the transportation and receipt of exhibits of unusual bulk or weight. Transmission of the record is effected when the clerk of the **[lower]** <u>trial</u> court mails or otherwise forwards the record to the prothonotary of the appellate court. The clerk of the **[lower]** <u>trial</u> court shall indicate, by endorsement on the face of the record or otherwise, the date upon which the record is transmitted to the appellate court.

(d) *Service of the list of record documents.*—The clerk of the **[lower]** <u>trial</u> court shall, at the time of the transmittal of the record to the appellate court, mail a copy of the list of record documents to all counsel of record, or if unrepresented by counsel, to the parties at the address they have provided to the clerk. The clerk shall note on the docket the giving of such notice.

(e) *Multiple appeals.*—Where more than one appeal is taken from the same order, it shall be sufficient to transmit a single record, without duplication.

(f) *Inconsistency between list of record documents and documents actually transmitted.*—If the clerk of the **[lower]**<u>trial</u> court fails to transmit to the appellate court all of the documents identified in the list of record documents, such failure shall be deemed a breakdown in processes of the court. Any omission shall be corrected promptly pursuant to Pa.R.A.P. 1926 **[(correction or modification of the record)]** and shall not be the basis for any penalty against a party.

**Official Note:**

Pa.R.A.P. 1926 **[(correction or modification of the record)]** provides the means to resolve any disagreement between the parties as to what should be included in the record on appeal.