J-A15012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| YILI TSENG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MADISON HARRIS, CONNIE LEMKE, | : | |
| ARAN BYBEE, DOE 1, DOE 2, DOE 3, | : | |
| DOE 4, DOE 5, DOE 6, DOE 7, DOE | : | |
| 8, DOE 9, DOE 10, DOE 11, DOE 12, | : | |
| DOE 13, DOE, AND DOE 14 | : | No. 1242 WDA 2021 |

Appeal from the Order Entered September 16, 2021
In the Court of Common Pleas of Butler County Civil Division at No(s):
2020-10600

BEFORE:  BOWES, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: JUNE 28, 2022**

Yili Tseng ("Plaintiff") appeals *pro se* from the order that sustained the appellee defendants' ("Defendants") preliminary objections and dismissed his third amended complaint with prejudice.  We quash this appeal as untimely.

The trial court summarized the underlying facts of this case as follows:

> On or about August 25, 2020, the Plaintiff . . . filed his complaint in civil Action.  Preliminary objections were filed thereto, and on or about October 14, 2020, pursuant to Pa.R.C.P. 1028(c)(1), the Plaintiff filed his first amended complaint. Thereafter, on or about October 26, 2020, the Plaintiff filed his second amended complaint.  Preliminary objections were once again filed, and on or about November 23, 2020, the Plaintiff filed his third amended complaint, as well as a document entitled Plaintiff's Evidence.  In this third amended complaint, the Plaintiff avers the following.
>
> In or about 2019, the Plaintiff was employed by Slippery Rock University of Pennsylvania, as a first-year tenure track

assistant professor in the Department of Computer Sciences. Each of the three named and fourteen unnamed Defendants (with the possible exception of Doe 14) were students enrolled in the Plaintiff's CPSC 300 class at Slippery Rock University. A number of the CPSC 300 Slippery Rock University students, *i.e.*, the above named Defendants and Does 1-13, became unhappy with his teaching, and together they filed a complaint with the school administration regarding his teaching methods, the class, and the confusion they experienced relative to class assignments, tests, and grading standards. At the end of the semester, they additionally filed student evaluations, in which the students repeated many of the same complaints. . . .

The Plaintiff additionally alleges that, on or about December 9, 2019, the defendant, Madison Harris, filed a gender discrimination complaint against the Plaintiff because of a significant difference in grading between her paper and that of a male peer, which papers the students deemed to be substantially similar, being as they had previously worked on the assignment together. The defendant, Aran Bybee, the male peer, was questioned by the administration regarding defendant Harris's gender discrimination complaint. The Plaintiff alleges that the gender discrimination complaint was later determined to be unfounded. . . .

The Plaintiff also alleges that the defendant, Doe 14, an unidentified student in Plaintiff's class, contacted Slippery Rock University President Behre, stating, in part, that, "I feel like the quality of the teaching presented is seriously declining with no recourse." . . . Finally, the Plaintiff avers that Slippery Rock University declined to renew his teaching contract following the completion of his first-year probationary contract. The Plaintiff thereafter filed his complaint in civil action against his former students [stating claims of defamation *per se* and conspiracy to defame].

Trial Court Opinion, 12/15/21, at 1-3 (cleaned up).

Defendants filed preliminary objections and a motion for sanctions,

Plaintiff responded, and the trial court entertained oral argument. Thereafter,

trial court signed an order dated September 16, 2021, denying the request for

sanctions, but sustaining the preliminary objections and dismissing Plaintiff's third amended complaint with prejudice. On September 17, 2021, the Butler County Prothonotary noted on the docket the service of the order upon the parties pursuant to Pa.R.C.P. 236(b). Appellant filed a notice of appeal that was docketed on October 19, 2021.

The trial court promptly ordered Plaintiff to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Plaintiff requested additional time, which the trial court granted, directing him to file and serve the concise statement no later than November 23, 2021. Appellant's statement, dated November 23, 2021, was time stamped and docketed on November 30, 2021. The trial court thereafter authored an opinion indicating that the appeal should be quashed as untimely, and that, in any event, Plaintiff's issues lack merit.

This Court issued a rule to show cause why the appeal should not be quashed as untimely, as it was filed thirty-two days after entry of the appealed-from order. Plaintiff filed a response detailing and documenting the following. On October 15, 2021, Plaintiff sent a notice of appeal to the Butler County Prothonotary's post office box by certified mail. *See* Response to Rule to Show Cause, 2/2/22, at unnumbered 2. According to the United States Postal Service tracking report, the mailing arrived at the Butler County Post Office on October 18 and became "available for pickup" at 9:19 a.m. that day. *Id*. at unnumbered 3. At 6:59 a.m. the following day, October 19, the mailing

was marked "delivered, individual picked up at postal facility." *Id*. While the Butler County Prothonotary time stamped the notice of appeal at 10:48 a.m. on October 19, and entered it on the docket on that date, Plaintiff asserted that the notice should be considered filed when it was delivered to the Prothonotary's post office box on October 18. *Id*. at unnumbered 1. Further, since the thirtieth day following entry of the order was on Sunday, October 17, Plaintiff contended that the notice of appeal was timely filed when it was received on October 18, 2021. This Court discharged the rule without prejudice for the issue to be revisited.

As indicated above, the trial court opined that Plaintiff's appeal is untimely, and Defendants advocate that position in their brief. *See* Trial Court Opinion, 12/15/21, at 5-6; Defendants' brief at 16-22. "It is well-established that timeliness is jurisdictional, as an untimely-filed appeal divests this Court of jurisdiction to hear the merits of the case." *Smithson v. Columbia Gas of PA/NiSource*, 264 A.3d 755, 759 (Pa.Super. 2021). Accordingly, before we delve into the substance of Plaintiff's appeal, we must examine its timeliness.

Plaintiff's position is that he "fulfilled his responsibility to make Notice of Appeal ready for the Butler County Prothonotary to pick up on October 18, 2021[.]" Appellant's reply brief at 5. He bases that conclusion on the contentions, for which he supplies no support, that "[a]pparently, it is agreed between the Prothonotary Office and USPS that mails addressed to

Prothonotary Office will be picked up by clerks of Prothonotary Office," and "the Prothonotary is certainly obliged to pick up [a document] on the day when it was ready for pickup." *Id*. at 4-5. Since he has no control over the prothonotary, he suggests that "the appeal should be treated as *nunc pro tunc* and not be quashed." *Id*. at 5. We disagree.

With exceptions not relevant here, a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "Timely filing means filing at the designated place within the designated time." *State Farm Mut. Auto. Ins. Co. v. Schultz*, 421 A.2d 1224, 1227 (Pa.Super. 1980). The mechanics of the filing a notice of appeal are governed by Pa.R.A.P. 905, which provides as follows in pertinent part:

> **(a) Filing with clerk**.
>
> (1) Two copies of the notice of appeal, the order for transcript, if any, and the proof of service required by Pa.R.A.P. 906, shall be filed with the clerk of the trial court. If the appeal is to the Supreme Court, the jurisdictional statement required by Pa.R.A.P. 909 shall also be filed with the clerk of the trial court.
>
> (2) If the appeal is a children's fast track appeal, a concise statement of errors complained of on appeal as described in Pa.R.A.P. 1925(a)(2) shall be filed with the notice of appeal and served on the trial judge in accordance with Pa.R.A.P. 906(a)(2).
>
> (3) **Upon receipt** of the notice of appeal, the clerk shall immediately stamp it with the date of receipt, and **that date shall constitute the date when the appeal was taken**, which date shall be shown on the docket.
>
> (4) If a notice of appeal is mistakenly filed in an appellate court, or is otherwise filed in an incorrect office within the unified judicial system, the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the

order appealed from, and upon payment of an additional filing fee the notice of appeal shall be deemed filed in the trial court on the date originally filed.

(5) A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.

Pa.R.A.P. 905(a) (emphases added).

The Rules of Civil Procedure provide that filings need not be made in person, but can "be delivered or mailed to the prothonotary[.]" Pa.R.C.P. 205.1. However, while mailing is allowable, Rule 205.1 is consistent with Pa.R.A.P. 905(a)(3) in expressly providing that "[a] paper sent by mail shall not be deemed filed until **received by the appropriate officer**." ***Id***. (emphasis added). In this vein, "[i]f a [party] chooses to use the mails, the risk that papers required to be filed may not reach their destination lies with him. He takes the chance." ***Com., Dep't of Revenue v. Niemeyer Oldsmobile, Inc.***, 316 A.2d 152, 155 (Pa.Cmwlth. 1974) (cleaned up).[1] It is well established that "an appellant has a duty to suspect delays when mailing a notice of appeal." ***Criss v. Wise***, 781 A.2d 1156, 1160 n.3. (Pa. 2001).

Hence, it is when **the clerk of the prothonotary's office receives the notice** that is determinative of the date of filing. ***See id***. at 1159 (observing that, to be timely, "the prothonotary of the court where the action

---

[1] "Although decisions by the Commonwealth Court are not binding on this Court, they may be persuasive." ***Cresci Const. Servs., Inc. v. Martin***, 64 A.3d 254, 256 n.3 (Pa.Super. 2013) (cleaned up).

is pending must receive a notice of appeal within thirty days"); *In re 926 State St.*, 267 A.2d 873, 874–75 (Pa. 1970) (holding that notice of appeal mailed to the prothonotary on October 23 was filed on October 28 when it was received in the prothonotary's office); *Griffin v. Cent. Sprinkler Corp.*, 823 A.2d 191, 199 (Pa.Super. 2003) (ruling document "was filed when it arrived at the prothonotary's office"). Indeed, our sister Court detailed these principles as follows, collecting and applying federal cases on the subject:

> [A] document is filed when the proper official acquires custody. . . . Filing is not complete until the document is delivered and received. . . . A paper is filed when it is delivered to the proper official and by him received and filed. Filing involves the presentation of the (document) to (the proper official) or to his representative and the receipt into his custody or the recognition that they are in his possession. . . . The filing of a paper takes place upon the delivery of it to the officer at his office. Mailing is not filing. When the mails are utilized for the purpose of filing an instrument, the filing takes place upon delivery at the office of the official required to receive it. . . . **A filing takes place only when the clerk acquires custody**.

*Com., Dep't of Revenue v. Niemeyer Oldsmobile, Inc.*, 316 A.2d 152, 154–55 (Pa.Cmwlth. 1974) (cleaned up, emphasis added). None of this case law suggests that making the document available at a post office for pickup by a clerk is the equivalent of placing the document in the receipt of the prothonotary's office.

As a general rule, we liberally construe procedural rules and may disregard them for good cause, but this Court "may not enlarge the time for filing a notice of appeal[.]" Pa.R.A.P. 105(b). To the extent that *pro se* Plaintiff was unaware of these requirements, we observe that, "[a]lthough this

- 7 -

Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Smithson v. Columbia Gas of PA/ NiSource**, 264 A.3d 755, 760 (Pa.Super. 2021) (cleaned up). "Any layperson choosing to represent himself or herself in a legal proceeding must, to some reasonable extent, assume the risk that his or her lack of expertise and legal training will prove his or her undoing." **Id**. (cleaned up).

Plaintiff's notice of appeal, which he elected to mail at the last minute, may have been delivered to the Butler County Post Office on the due date of October 18, 2021, but it was not received into the custody of the Butler County Prothonotary's office until the following day. Hence, it was not timely filed.[2] Consequently, we must quash this appeal. **Accord State Farm**, **supra** at 1226 ("Because appellant did not file notice of appeal until the thirty-first day after the entry of the lower court's order, her appeal from that order is untimely and must be quashed.").

Appeal quashed.

---

[2] Plaintiff implicitly concedes that his appeal was not timely by suggesting that "the appeal should be treated as *nunc pro tunc* and not be quashed." Plaintiff's reply brief at 5. While there is authority indicating that this Court has the ability to grant leave to file an appeal *nunc pro tunc*, **see Towey v. Lebow**, 980 A.2d 142, 144 (Pa.Super. 2009), it is well-settled that delay in receipt of mail is not the type of "unforeseeable or unavoidable event" that would warrant such relief. **Carr v. Michuck**, 234 A.3d 797, 804 (Pa.Super. 2020) (citing, *inter alia*, **Criss v. Wise**, 781 A.2d 1156, 1160 (Pa. 2001).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2022